UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------
FRANCISCO CAMACHO and
EVELYN CAMACHO

        Plaintiff,

-against-

THE CITY OF NEW YORK, NEW YORK CITY
POLICE OFFICER SANTOS 83rd precinct,
POLICE OFFICER JOHN BARTEK shield # 29956,
POLICE OFFICER BLAINE HENNIG shield # 15888,
POLICE OFFICERS JOHN/JANE DOE(S) #'s1-2,

        Defendants.
------------------------------------------------------------------X

**JUDGE STEIN**

**'07 CIV 5581**

COMPLAINT

PLAINTIFF DEMANDS
TRIAL BY JURY

RECEIVED
JUN 11 2007
U.S.D.C. S.D. N.Y.
CASHIERS

PLAINTIFFS FRANCISCO CAMACHO and EVELYN CAMACHO, by their attorney

DAVID A. ZELMAN, Esq., for their COMPLAINT, allege upon information and belief, as

follows:

## I. PRELIMINARY STATEMENT

1.     This is a civil rights action in which PLAINTIFFS FRANCISCO CAMACHO and EVELYN CAMACHO (hereinafter "FRANCISCO" and "EVELYN") seek damages to redress the deprivation, under color of state law, of rights secured to them under the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution. On or about October 12, 2006, at or near the intersection of Knickerbocker Avenue and Willoughby Avenue in Brooklyn, New York, FRANCISO was arrested by New York City Police Officers JOHN/JANE DOE(S)

1

#1-2 (hereinafter "DOE(S)"), POLICE OFFICER BLAINE HENNIG (hereinafter "HENNIG") and POLICE OFFICER JOHN BARTEK (hereinafter "BARTEK"). Defendants falsely arrested FRANCISCO in violation of his constitutional rights and that defendants used excessive force in the course of the arrest. It is alleged that while in custody, defendants, including but not limited to POLICE OFFICER SANTOS (hereinafter "SANTOS") assaulted FRANCISCO and denied him prompt and appropriate medical care. As a result, FRANCISCO suffered physical and mental injuries. FRANCISCO was detained for approximately 21 days. It is further alleged that FRANCISCO's wife EVELYN suffered a loss of consortium as a result of this incident.

## II. JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. §1343 (3) and (4), which provides for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. §1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the United States. This Court has pendant jurisdiction over PLAINTIFF's state law claims.

## III. PARTIES

3. FRANCISCO and EVELYN at all times resided at 350 Hempstead Ave. Apt. #1A, Hempstead, NY 11551.

4. Defendant CITY is the municipal corporation that operates the New York City Police Department (hereinafter "NYPD").

5. Defendant POLICE OFFICER JOHN BARTEK shield # 29956 was a NYPD police officers, and at all relevant times hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of their employment. At all relevant times hereto, Defendant was acting under the color of state and local law.

6. Defendant POLICE OFFICER SANTOS of the 83rd precinct was a NYPD police officer, and at all relevant times hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. At all relevant times hereto, Defendant was acting under the color of state and local law.

7. Defendant POLICE OFFICER BLAINE HENNIG shield # 15888 was a NYPD police officer, and at all relevant times hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. At all relevant times hereto, Defendant was acting under the color of state and local law.

8. POLICE OFFICERS JOHN/JANE DOE(S) #'s1-2 were NYPD police officers, and at all relevant times hereto, acted in that capacity as agents, servants, and/or employees of Defendant CITY and within the scope of their employment. At all relevant times hereto, Defendants were acting under the color of state and local law. Defendants are sued in their individual and official capacities.

9. At all relevant times hereto, Defendant CITY was responsible for making and enforcing the policies of NYPD and was acting under the color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

## IV. FACTS

10. On or about October 12, 2006 at about 1:30 p.m. FRANCISCO was walking on or near Kinckerbocker Ave. and Willoughby Ave. in Brooklyn when defendants, stopped FRANCISCO and arrested him without justification. Defendants transported FRANCISCO to the 83rd Precinct, and later to central booking.

11. While at central booking, FRANCISCO was transferred to the Woodhull Hospital where he remained for approximately six hours.

12. FRANCISCO was then transferred back to central booking. While in custody, FRANCISCO sustained a seizure. During the seizure, and while FRANCISCO was on the floor of the cell, defendants began kicking FRANCISCO.

13. As a result of this incident, FRANCISCO suffered two fractured vertebrae.

14. Defendants allowed approximately four hours to pass after Plaintiff's seizure before medical care for FRANCISCO's injuries was obtained.

15. Approximately four hours after FRANCISCO' seizure, he was transported to Woodhull Medical where he was hospitalized for approximately 21 days.

16. FRANCISCO was kept in handcuffs for the duration of his stay in the hospital. On October 27, 2006 FRANCISCO appeared at the Criminal Court in Brooklyn where he plead guilty to Disorderly Conduct and was released from custody.

17. On December 3, 2006, FRANCISCO's Notices of Claim and Intention to sue were duly served upon and filed with the CITY; said Notice was filed within ninety (90) days after the cause of action herein accrued and set forth the name and post office

addresses of FRANCISCO, the nature of the claim, the time when, the place where, the manner in which the claim arose and the items of damage and injuries sustained.

18. On December 21, 2006, EVELYN's Notice of Claim and Intention to sue were duly served upon and filed with the CITY; said Notice was filed within ninety (90) days after the cause of action herein accrued and set forth the name and post office addresses of EVELYN, the nature of the claim, the time when, the place where, the manner in which the claim arose, and the items of damage and injuries sustained.

19. As a result of the injures FRANCISCO sustained during this incident, FRANCISCO has been unable to perform many of the most basic activities that a husband would provide for his wife, EVELYN.

20. Because FRANCISCO has been unable to perform many of the most basic activities that husband would provide for his wife, EVELYN has suffered damages for loss of consortium

### V. FIRST CAUSE OF ACTION
Pursuant to §1983 (FALSE ARREST)

21. Paragraphs 1 through 20 of this complaint are hereby realleged and incorporated by reference herein.

22. That defendants had neither valid evidence for the arrest of FRANCISCO nor legal cause or excuse to seize and detain him well into the night before transporting him to a hospital.

23. That in detaining FRANCISCO for approximately three weeks and without a fair and reliable determination of probable cause, defendant CITY abused its power and

authority as a policymaker of the New York City Police Department under the color of State and/or local law.

24. Upon information and belief, it was the policy and/or custom of defendant CITY to inadequately supervise and train its officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

25. As a result of the above described policies and customs, the officers, staff, agents and employees of defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

26. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the CITY to the constitutional rights of arrestees and were the cause of the violations of FRANCISCO's rights alleged herein.

27. By reason of defendant's acts and omissions, defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of FRANCISCO's rights, subjected FRANCISCO to an unlawful detention, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

28. By reason of the foregoing, FRANCISCO suffered physical injuries, mental injuries, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## VI. SECOND CAUSE OF ACTION
Pursuant to State Law (FALSE ARREST)

29. Paragraphs 1 through 28 are hereby realleged and incorporated by reference herein.

30. That the seizure, detention and imprisonment of FRANCISCO was unlawful in that defendants had no probable cause to detain, arrest and/or imprison him.

31. That defendants intended to confine FRANCISCO.

32. That FRANCISCO was conscious of the confinement and did not consent to it.

33. That the confinement was not otherwise privileged.

34. By reason of defendants acts and omissions, defendants, acting in gross and wanton disregard of FRANCISCO's rights, deprived him of his liberty when they subjected him to an unlawful, illegal and excessive detention, in violation of State law.

35. That by reason of the foregoing, FRANCISCO suffered physical injuries, mental injuries, economic injury, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## VII. THIRD CAUSE OF ACTION
Pursuant to §1983 (EXCESSIVE FORCE)

36. Paragraphs 1 through 35 are hereby realleged and incorporated by reference herein.

37. That the incident that resulted from the intentional application of physical force by defendants constituted a seizure. That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

38. That defendants had no legal cause or reason to use excessive force in effectuating FRANCISCO's arrest.

39. That defendants violated FRANCISCO's Fourth and Fourteenth Amendment right to be free from unreasonable seizures when they used excessive force against him.

40. That FRANCISCO's epileptic seizure did not warrant the use of excessive force.

41. That at the time of the arrest, FRANCISCO did not pose a threat to the safety of the arresting officers.

42. That FRANCISCO was not actively resisting arrest or attempting to evade arrest.

43. That defendant CITY, through its officers, agents, and employees, unlawfully subjected FRANCISCO to excessive force while effectuating his arrest.

44. That the defendants actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

45. That by reason of defendants acts and omissions, acting under color of state law and within the scope of his authority, in gross and wanton disregard of FRANCISCO's rights, subjected FRANCISCO to excessive force while effectuating his arrest, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the Untied States Constitution.

46. That upon information and belief, in 2006, defendant CITY had a policy or routine practice of using excessive force when effectuating arrests.

47. That upon information and belief, it was the policy and/or custom of defendant CITY to inadequately train, supervise, discipline, and/or terminate their officers, staff,

agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

48. That as a result of the above described policies and customs, the officers, staff, agents and employees of defendant CITY, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

49. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant CITY to the constitutional rights of arrestees and were the cause of the violations of FRANCISCO's rights alleged herein.

50. By reason of the foregoing, FRANCISCO suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## VIII. FOURTH CAUSE OF ACTION
Pursuant to State Law (EXCESSIVE FORCE)

51. Paragraphs 1 through 50 are hereby realleged and incorporated by reference herein.

52. That the incident that resulted from the intentional application of physical force by defendants constituted a seizure.

53. That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

54. That defendants had no legal cause or reason to use excessive force in effectuating FRANCISCO's arrest.

55. That FRANCISCO's epileptic seizure did not warrant the use of excessive force.

56. That at the time of the arrest, FRANCISCO did not pose a threat to the safety of the arresting officers.

57. That FRANCISCO was not actively resisting arrest or attempting to evade arrest.

58. That defendants actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

59. That by reason of defendants acts and omissions, defendants, acting under color of state law and within the scope of their authority, in gross and wanton disregard of FRANCISCO's rights, subjected FRANCISCO to excessive force while effectuating his arrest, in violation of the laws of the State of New York

60. By reason of the foregoing, FRANCISCO suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

### IX. FIFTH CAUSE OF ACTION
Pursuant to State Law (ASSAULT and BATTERY)

61. Paragraphs 1 through 60 are hereby realleged and incorporated by reference herein.

62. That defendants intended to cause harmful bodily contact to FRANCISCO.

63. That defendants, in a hostile manner voluntarily caused FRANCISCO'S injuries.

64. That defendants contact with FRANCISCO constituted a battery in violation of the laws of the State of New York.

65. That by reason of the foregoing, FRANCISCO suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

### X. SIXTH CAUSE OF ACTION
Pursuant to State Law (RESPONDEAT SUPERIOR)

66. Paragraphs 1 through 65 are hereby realleged and incorporated by reference herein.

67. That defendants were acting in furtherance of the duties owed to their employer, defendant CITY.

68. That at all times defendants were acting within the scope of their employment.

69. That defendant CITY was able to exercise control over defendants and SANTOS's activities.

70. That defendant CITY is liable for defendants' actions under the doctrine of respondeat superior.

71. By reason of the foregoing, FRANCISCO suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

### XII. SEVENTH CAUSE OF ACTION

Pursuant to State Law (LOSS OF CONSORTIUM)

72. Paragraphs 1 through 71 are herein realleged and incorporated by reference herein.

73. Due to the complained of incident, Plaintiff Evelyn Camacho was deprived of her husband's support and society.

74. Francisco Camacho was seriously injured in the within incident and therefore Evelyn Camacho brings this claim for loss of consortium and society.

75. Plaintiff's damages are directly related to the within incident. Plaintiff Evelyn Camacho was also psychologically injured as a result of the within incident.

## VIII. EIGHTH CAUSE OF ACTION

Pursuant to § 1983 (DELIBERATE INDIFFERENCE)

76. Paragraphs 1 through 75 are hereby realleged and incorporated by reference herein.

77. That failing to treat FRANCISCO'S injuries constituted deliberate indifference to the serious medical needs of a detainee and was unlawful.

78. That defendant CITY had no legal cause nor excuse to deny FRANCISCO proper medical treatment.

79. That defendant CITY violated FRANCISCO'S civil rights when they refused to provide prompt and appropriate medical treatment for him.

80. That FRANCISCO had a serious medical need and was suffering extreme pain that was in need of urgent medical treatment.

81. That defendant CITY through its officers, agents, and /or employees knew or should have known that FRANCISCO was in serious need of medical care.

82. That defendant CITY failed and /or refused to provide appropriate medical treatment for FRANCISCO.

83. That defendant CITY acted with deliberate indifference to FRANCISCO' need for medical treatment.

84. That by reason of defendant's acts and omissions, defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of FRANCISCO' rights, denied FRANCISCO medical treatment, in violation of his due process rights pursuant to the Fourteenth Amendment of the Untied States Constitution and the laws of the State of New York.

85. That in so acting, defendant CITY abused its power and authority as policymaker of the New York City Police Department and the Department of Corrections under the color of State and /or local law.

86. That upon information and belief, in 2006, defendant CITY had a policy or routine practice of denying medical treatment to pre-trial detainees.

87. That upon information and belief, it was the policy and /or custom of defendant CITY to inadequately train, discipline, supervise and terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

88. That as a result of the above described policies and customs, the officers, staff, agents and employees of defendant CITY believed that their actions would not be

properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

89. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant CITY to the constitutional rights of arrestees and were the cause of the violations of FRANCISCO's rights alleged herein.

90. That defendant CITY, through its officers, agents, and employees, were deliberately indifferent to FRANCISCO's medical serious medical needs.

91. By reason of the foregoing, FRANCISCO suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

**INJURY AND DAMAGES**

As a result of the acts and conduct complained of herein, FRANCISCO has suffered and will continue to suffer out-of-pocket medical expenses, physical injuries, emotional pain, suffering, inconvenience, injury to his reputation, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

WHEREFORE, FRANCISCO and EVELYN respectfully request that judgment be entered:

1. Awarding FRANCISCO and EVELYN compensatory damages in a full and fair sum to be determined by a jury;

2. Awarding FRANCISCO and EVELYN punitive damages in an amount to be determined by a jury;

3. Awarding FRANCISCO and EVELYN interest from October 12, 2006 and

4. Awarding FRANCISCO and EVELYN reasonable attorney's fees pursuant to 42 USC §1988; and granting such other and further relief as to this Court seems proper.

DATED: Brooklyn, New York
June 11, 2006

DAVID A. ZELMAN, ESQ. (dz 8578)
612 Eastern Parkway
Brooklyn, New York 11225
(718) 604-3072