





MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**MICHAEL CHESTNOV**
*Assistant Corporation Counsel*
(212) 788-0991
(212) 788-9776 (fax)
mchestno@law.nyc.gov

July 2, 2007

**BY FAX**
Honorable Sidney H. Stein
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007



Re:   Francisco Camacho and Evelyn Camacho v. City of New York, et al.
      07 Civ. 5581 (SHS)

Your Honor:

   I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for defendant City of New York. Defendant respectfully requests that its time to respond to the complaint in this action be extended for sixty days from July 3, 2007 to September 4, 2007.[1] Further, should the Court grant this request, defendant respectfully requests that the initial conference scheduled for July 12, 2007 at 11:30 a.m., be adjourned to a date convenient to the Court after issue has been joined. Plaintiffs' counsel consents to these requests.

   Plaintiff Francisco Camacho alleges that he was falsely arrested, maliciously prosecuted and subjected to excessive force following an incident on October 12, 2006, in which

---

[1] There is no indication whether the individually named defendants, Police Officer Santos, Police Officer John Bartez and Police Officer Blaine Hennig, have been served with a copy of the summons and complaint. According to the Court's docket sheet, plaintiffs mailed requests for waiver of service to these individuals on June 26, 2007 and June 27, 2007. As of this date, no request for representation has been received with respect to these defendants and we make no representations herein as to the adequacy of process on them. Without appearing on their behalf, it is respectfully requested that, once they are served, the same extension be granted to them in order to ensure that their defenses are not jeopardized while representation issues are being decided.

he claims that he was arrested by New York City Police Officers. Plaintiff Francisco Camacho further claims that he pled guilty to disorderly conduct on October 27, 2006 as a result of the criminal charges that were brought against him following this arrest. Plaintiff Evelyn Camacho has brought a claim for loss of consortium.

There are several reasons for seeking an enlargement of time in this matter. In accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need time to investigate the allegations of the complaint. In this case, plaintiff Francisco Camacho alleges that he was falsely arrested, maliciously prosecuted, and subjected to excessive force. Accordingly, it is necessary for our office to acquire as much information as possible concerning this matter in order to properly assess the case and respond to the complaint. Currently, this office is in the process of forwarding to plaintiff Francisco Camacho for execution a medical release, which is necessary for our office to obtain the medical records pertaining to plaintiff's alleged injuries and treatment. An extension of time will also allow this office time to gather the District Attorney, Criminal Court and police records associated with plaintiff Francisco Camacho's underlying arrest.

Further, assuming plaintiffs effect timely service on the individual defendants, the extension should allow time for this office to determine, pursuant to Section 50-k of the New York General Municipal Law, and based on a review of the facts of the case, whether we may represent the individually named defendants. See Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

Finally, if the Court decides to grant this enlargement, defendant City respectfully requests that the initial conference, scheduled for July 12, 2007 at 11:30 a.m., be adjourned until a date after issue has been joined. Defendant seeks this adjournment in order to allow this office to conduct an investigation and respond to the complaint prior to the initial conference.

No previous request for an extension or adjournment has been made in this action. Accordingly, we respectfully request that defendant's time to respond to the complaint be extended until September 4, 2007, and that the initial conference ~~be adjourned to a date and time convenient to the Court after September 4, 2007.~~ is adjourned to 9/7/07 at 10:00 a.m.

I thank the Court for its time and consideration of these requests.

SO ORDERED 7/3/07

*[signature]*
S.D.J. PART I

Respectfully submitted,

*[signature]*

Michael Chestnov (MC 0443)
Assistant Corporation Counsel
Special Federal Litigation Division

cc: David A. Zelman, Esq., attorney for plaintiff (by fax)

2