UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------- x

FRANCISCO CAMACHO and
EVELYN CAMACHO,

                                            Plaintiffs,

                          -against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE
OFFICER SANTOS, 83rd precinct, POLICE OFFICER
JOHN BARTEK shield # 29956m POLICE OFFICER
BLAINE HENNIG shield # 15888, POLICE OFFICERS
JOHN/JANE DOE(S) #'s 1-2,

                                            Defendants.

----------------------------------------------------------------------- x

**ANSWER**

Jury Trial Demanded

07 Civ. 5581 (SHS)

      Defendants City of New York, Jose Santos (sued herein as "NEW YORK CITY

POLICE OFFICER SANTOS, 83rd precinct"), John Bartek and Blaine Hennig, by their attorney,

Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the

complaint, respectfully allege, upon information and belief, as follows:

      1.    Deny the allegations set forth in paragraph "1" of the complaint, except

admit that plaintiffs purport to proceed as stated therein, and deny knowledge or information

sufficient to form a belief as to the truth of the allegations concerning the length of plaintiff

Francisco Camacho's detention.

      2.    Deny the allegations set forth in paragraph "2" of the complaint, except

admit that plaintiffs purport to invoke the jurisdiction of this Court as stated therein.

      3.    Deny knowledge or information sufficient to form a belief as to the truth

of the allegations set forth in paragraph "3" of the complaint.

4.     Deny the allegations set forth in paragraph "4" of the complaint, except admit that the City of New York is a municipal corporation duly organized and operating under the laws of the States of New York and that the City of New York maintains a police department.

5.     Deny the allegations set forth in paragraph "5" of the complaint, except admit that John Bartek is employed by the City of New York as a police officer and state that the allegations that defendant Bartek acted "within the scope of his employment" and "under color of state and local law" are conclusions of law, rather than averments of fact, to which no response is required.

6.     Deny the allegations set forth in paragraph "6" of the complaint, except admit that Jose Santos is employed by the City of New York as a police officer and state that the allegations that defendant Santos acted "within the scope of his employment" and "under color of state and local law" are conclusions of law, rather than averments of fact, to which no response is required.

7.     Deny the allegations set forth in paragraph "7" of the complaint, except admit that Blaine Hennig is employed by the City of New York as a police officer and state that the allegations that defendant Hennig acted "within the scope of his employment" and "under color of state and local law" are conclusions of law, rather than averments of fact, to which no response is required.

8.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint.

9.     Deny the allegations set forth in paragraph "9" of the complaint, except admit that the City of New York maintains a police department.

10.     Deny the allegations set forth in paragraph "10" of the complaint.

11.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint.

12.    Deny the allegations set forth in paragraph "12" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning whether plaintiff had a seizure.

13.    Deny the allegations set forth in paragraph "13" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's medical condition.

14.    Deny the allegations set forth in paragraph "14" of complaint.

15.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint.

16.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint, except admit that plaintiff purports to have pled guilty to disorderly conduct..

17.    Deny the allegations set forth in paragraph "17" of the complaint, except admit that a document purporting to be a Notice of Claim was received by the Comptroller's Office of the City of New York on or about December 13, 2006, and respectfully refer the Court to the document referenced therein for a statement of its contents.

18.    Deny the allegations set forth in paragraph "18" of the complaint, except admit that a document purporting to be a Notice of Claim was received by the Comptroller's Office of the City of New York on or about December 21, 2006, and respectfully refer the Court to the document referenced therein for a statement of its contents.

19.    Deny the allegations set forth in paragraph "19" of the complaint.

20.    Deny the allegations set forth in paragraph "20" of the complaint.

21.     In response to the allegations set forth in paragraph "21" of the complaint, defendants repeat and reallege paragraphs "1" through "20" of this answer as if fully set forth herein.

22.     Deny the allegations set forth in paragraph "22" of the complaint.

23.     Deny the allegations set forth in paragraph "23" of the complaint.

24.     Deny the allegations set forth in paragraph "24" of the complaint.

25.     Deny the allegations set forth in paragraph "25" of the complaint.

26.     Deny the allegations set forth in paragraph "26" of the complaint.

27.     Deny the allegations set forth in paragraph "27" of the complaint.

28.     Deny the allegations set forth in paragraph "28" of the complaint.

29.     In response to the allegations set forth in paragraph "29" of the complaint, defendants repeat and reallege paragraphs "1" through "28" of this answer as if fully set forth herein.

30.     Deny the allegations set forth in paragraph "30" of the complaint.

31.     Admit the allegations set forth in paragraph "31" of the complaint.

32.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the complaint.

33.     Deny the allegations set forth in paragraph "33" of the complaint.

34.     Deny the allegations set forth in paragraph "34" of the complaint.

35.     Deny the allegations set forth in paragraph "35" of the complaint.

36.     In response to the allegations set forth in paragraph "36" of the complaint, defendants repeat and reallege paragraphs "1" through "35" of this answer as if fully set forth herein.

37.     Deny the allegations set forth in paragraph "37" of the complaint.

38.    Deny the allegations set forth in paragraph "38" of the complaint.

39.    Deny the allegations set forth in paragraph "39" of the complaint.

40.    Admit the allegations set forth in paragraph "40" of the complaint, except deny that excessive force was used and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning whether plaintiff had an epileptic seizure.

41.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the complaint.

42.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the complaint.

43.    Deny the allegations set forth in paragraph "43" of the complaint.

44.    Deny the allegations set forth in paragraph "44" of the complaint.

45.    Deny the allegations set forth in paragraph "45" of the complaint.

46.    Deny the allegations set forth in paragraph "46" of the complaint.

47.    Deny the allegations set forth in paragraph "47" of the complaint.

48.    Deny the allegations set forth in paragraph "48" of the complaint.

49.    Deny the allegations set forth in paragraph "49" of the complaint.

50.    Deny the allegations set forth in paragraph "50" of the complaint.

51.    In response to the allegations set forth in paragraph "51" of the complaint, defendants repeat and reallege paragraphs "1" through "50" of this answer as if fully set forth herein.

52.    Deny the allegations set forth in paragraph "52" of the complaint.

53.    Deny the allegations set forth in paragraph "53" of the complaint, including the presumption that excessive force was used.

54.     Deny the allegations set forth in paragraph "54" of the complaint, including the presumption that excessive force was used.

55.     Admit the allegations set forth in paragraph "55" of the complaint, except deny that excessive force was used and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning whether plaintiff had an epileptic seizure.

56.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "56" of the complaint.

57.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "57" of the complaint.

58.     Deny the allegations set forth in paragraph "58" of the complaint.

59.     Deny the allegations set forth in paragraph "58" of the complaint.

60.     Deny the allegations set forth in paragraph "60" of the complaint.

61.     In response to the allegations set forth in paragraph "61" of the complaint, defendants repeat and reallege paragraphs "1" through "60" of this answer as if fully set forth herein.

62.     Deny the allegations set forth in paragraph "62" of the complaint.

63.     Deny the allegations set forth in paragraph "63" of the complaint.

64.     Deny the allegations set forth in paragraph "64" of the complaint.

65.     Deny the allegations set forth in paragraph "65" of the complaint.

66.     In response to the allegations set forth in paragraph "66" of the complaint, defendants repeat and reallege paragraphs "1" through "65" of this answer as if fully set forth herein.

67.     Paragraph "67" of the complaint sets forth conclusions of law, rather than averments of fact, and accordingly no response is required.

68.     Paragraph "68" of the complaint sets forth conclusions of law, rather than averments of fact, and accordingly no response is required.

69.     Paragraph "69" of the complaint sets forth conclusions of law, rather than averments of fact, and accordingly no response is required.

70.     Deny the allegations set forth in paragraph "70" of the complaint.

71.     Deny the allegations set forth in paragraph "71" of the complaint.

72.     In response to the allegations set forth in paragraph "72" of the complaint, defendants repeat and reallege paragraphs "1" through "71" of this answer as if fully set forth herein.

73.     Deny the allegations set forth in paragraph "73" of the complaint.

74.     Deny the allegations set forth in paragraph "74" of the complaint, except admit that plaintiff Evelyn Camacho purports to proceed as stated therein.

75.     Deny the allegations set forth in paragraph "75" of the complaint.

76.     In response to the allegations set forth in paragraph "76" of the complaint, defendants repeat and reallege paragraphs "1" through "75" of this answer as if fully set forth herein.

77.     Deny the allegations set forth in paragraph "77" of the complaint.

78.     Deny the allegations set forth in paragraph "78" of the complaint, including the presumption that plaintiff Francisco Camacho was denied proper medical treatment.

79.     Deny the allegations set forth in paragraph "79" of the complaint.

80.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "80" of the complaint.

81.     Deny the allegations set forth in paragraph "81" of the complaint.

82.     Deny the allegations set forth in paragraph "82" of the complaint.

83.     Deny the allegations set forth in paragraph "83" of the complaint.

84.     Deny the allegations set forth in paragraph "84" of the complaint.

85.     Deny the allegations set forth in paragraph "85" of the complaint.

86.     Deny the allegations set forth in paragraph "86" of the complaint.

87.     Deny the allegations set forth in paragraph "87" of the complaint.

88.     Deny the allegations set forth in paragraph "88" of the complaint.

89.     Deny the allegations set forth in paragraph "89" of the complaint.

90.     Deny the allegations set forth in paragraph "90" of the complaint.

91.     Deny the allegations set forth in paragraph "91" of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

92.     The complaint fails to states a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

93.     At all times relevant to the acts alleged in the complaint, defendant City of New York, its agents and officials, acted reasonably and properly in the lawful exercise of their discretion.  Therefore, the City is entitled to governmental immunity from liability.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

94.     Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of the defendants.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

95.     Plaintiffs' state law claims may be barred in part for failure to comply with conditions precedent to suit, pursuant to New York General Municipal Law §§ 50-e and 50-i.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

96.     Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any Act of Congress providing for the protection of civil rights.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

97.     The plaintiffs cannot obtain punitive damages as against the City of New York.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

98.     There was probable cause for plaintiff Francisco Camacho's arrest, detention and prosecution.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

99.     Plaintiff Francisco Camacho provoked any incident.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

100.     Defendants Jose Santos, John Bartek, and Blaine Hennig have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and therefore are protected by qualified immunity.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

101.     The Court has no subject matter jurisdiction over plaintiff Evelyn Camacho's claim.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

102.     Plaintiffs' claims may be barred in part by the doctrines of *res judicata* or collateral estoppel.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:**

103.    Plaintiff Francisco Camacho's claims are barred in part by the doctrine of

Heck v. Humphrey, 512 U.S. 477 (1994).

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE:**

104.    Plaintiff's claims may be barred in part by the applicable period of

limitations.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE:**

105.    At all times relevant to the incident alleged, defendants Santos, Bartek and

Hennig acted reasonably and in their proper and lawful exercise of their discretion.

**WHEREFORE,** defendants request judgment dismissing the complaint in its entirety,

together with the costs and disbursements of this action, and such other and further relief as the

Court may deem just and proper.

Dated:    New York, New York
          August 30, 2007

                              MICHAEL A. CARDOZO
                              Corporation Counsel of the
                               City of New York
                              Attorney for Defendants
                              100 Church Street, Room 3-146
                              New York, New York 10007
                              (212) 788-0991


                         By:    _____/s_____
                              Michael Chestnov (MC 0443)
                              Assistant Corporation Counsel
                              Special Federal Litigation Division


TO:    David A. Zelman, Esq.
       Attorney for Plaintiff
       612 Eastern Parkway
       Brooklyn, NY 11225 (Via E.C.F. and First Class Mail)

## DECLARATION OF SERVICE BY MAIL

I, MICHAEL CHESTNOV, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that on AUGUST 30, 2007, I caused to be served the annexed ANSWER upon the following counsel of record by depositing a copy of same, enclosed in a first class postpaid properly addressed wrapper, in a post office depository under the exclusive care and custody of the United States Postal Service, within the States of New York, directed to said counsel of record at the address set forth below, being the address designated by plaintiff for that purpose:

David A. Zelman, Esq.
Attorney for Plaintiff
612 Eastern Parkway
Brooklyn, NY 11225

Dated:      New York, New York
            August 30, 2007

_____
        /s
MICHAEL CHESTNOV
ASSISTANT CORPORATION COUNSEL

Index No.  07 Civ. 5581 (SHS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRANCISCO CAMACHO and
EVELYN CAMACHO,

                                                                    Plaintiffs,

                                    -against-

CITY OF NEW YORK, *et al.*,

                                                                    Defendants.

## ANSWER

### MICHAEL A. CARDOZO

*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, New York  10007*

*Of Counsel:  Michael Chestnov*
*Tel:  (212) 788-0991*
*NYCLIS No.*

*Due and timely service is hereby admitted.*

*New York, N.Y.* ..................................................................................., *200...*

.............................................................................................. *Esq.*

*Attorney for* .......................................................................................