RECEIVED
SEP 26 2007
CHAMBERS OF
JUDGE SIDNEY H. STEIN
U.S.D.J.

David A. Zelman, Esq.
612 Eastern Parkway
Brooklyn, New York 11225
718 604 3072

September 26, 2007

Via Fax: 212 805-7924
Honorable Sidney H. Stein
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

MEMO ENDORSED

Re: Camacho v. the City of New York et. al.
Docket #: 07 CV 5581 (SHS)

Dear Judge Stein:

Please accept this letter as a reply to defense counsel's letter in opposition to plaintiff's motion to quash a proposed subpoena for plaintiff's criminal history.

Defense counsel claims that the demanded information is relevant to damages as to plaintiff false arrest claim. The plaintiff continues to assert that the demanded information is overbroad and is therefore irrelevant, invasive and privileged information and better suited for an in camera inspection should the Court deem that necessary.

It is worth noting that defense counsel has demonstrated his intention in making a motion to dismiss the false arrest claim in this matter. Defense counsel raised this at the initial conference and followed up with a Rule 11 letter to my office requesting that since the plaintiff pled guilty to disorderly conduct his false arrest claim for possession of narcotics should be withdrawn. This office did not withdraw the false arrest claim as we believe it is a meritorious claim and that the plea to disorderly conduct is no bar to a false arrest claim in this case.

Given the above procedural history, it seems inappropriate for your Honor to rule that defense counsel is entitled to obtain plaintiff's criminal history if ultimately, your Honor will dismiss plaintiff's false arrest claim. It seems appropriate to delay the subpoena as to such time as the Court has made a decision on plaintiff's false arrest claim either by a motion to dismiss or in a summary judgment motion. If your Honor declines to dismiss the false arrest claim then defendant will at least have its application to obtain plaintiff's criminal history. If your Honor dismisses the false arrest claim than it appears that it is undisputed that plaintiff's criminal history, if any, is irrelevant to this action.

[Handwritten memo endorsement: 10/3/07 Plt's application to quash the subpoena for plt's criminal history record is denied. The information is relevant; the question of its admissibility is not at issue at this time. So ordered. SHS (signature)]

It should be noted that defense counsel's "authority" for the proposition that plaintiff's criminal history is relevant to his claim for emotion distress, without regard to the date of the arrest, the subject matter of the arrest, whether the arrest was sealed or not, is very weak. Arrests with nothing more are not evidence of bad acts, convictions are. Arrests carry no stigma whatsover. Defense counsel cites several Magistrate Judge's decisions which, without citation, grant defense counsel's request. In addition, defense counsel cites a one sentence ruling from Judge Preska Richardson v. City of New York, 06 Civ. 5554 (LAP) with no reasoning or supporting facts. Lastly, defense counsel cites a First Circuit case, Udemba v. Nicoli, 237 F.3d 8 (1st Cir., 2001) which, upon close inspection, applies an analysis which would most likely lead this Court to grant plaintiff's application. (See headnote Seven)

Therefore, the undersigned requests that your Honor grant the plaintiff's motion to quash the subpoena for criminal records and in the alternative Order defense counsel not to subpoena plaintiff's criminal records up to such time as your Honor has ruled on whether plaintiff's false arrest claim may proceed.

Thank-you for your consideration.

Very Truly Yours:

David A. Zelman, Esq.
Attorney for the Plaintiff

To:   Via Fax: 212 788 9776
      Michael Chestnov, Esq.
      Attorney for the Defendant
      CITY OF NEW YORK
      100 Church Street
      New York, NY 10007