


USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/18/07

| | | |
|---|---|---|
| **MICHAEL A. CARDOZO**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **MICHAEL CHESTNOV**<br>*Assistant Corporation Counsel*<br>(212) 788-0991<br>(212) 788-9776 (fax)<br>mchestno@law.nyc.gov |

October 17, 2007

**BY FAX**
Honorable Sidney H. Stein
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

  Re: Francisco Camacho and Evelyn Camacho v. City of New York, et al.
     07 Civ. 5581 (SHS)

Your Honor:

  I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for defendants. For the reasons detailed herein, defendants respectfully request a two week enlargement of time, from October 17, 2007 to October 31, 2007, to "provide the names of the officers who they believe were involved in the alleged incident of October 12, 2006." Plaintiff's counsel consents to this request so long as plaintiff is afforded a commensurate two week extension of time, until November 30, 2007, to amend the complaint in this matter.

  In this case, plaintiff alleges that he was subjected to excessive force by police officers after he suffered a seizure at Brooklyn Central Booking on or about October 12, 2006. Plaintiff was arrested by New York City Police Officers on October 11, 2006.[1] According to the 83rd Precinct Command Log, it appears that plaintiff was transported from the 83rd Precinct to Brooklyn Central Booking at approximately 10:45 p.m. on October 11, 2006. On information and belief, at some point on October 12, 2006, plaintiff was transported from Kings Central Booking to Woodhull Hospital, and then back to the 83rd Precinct. According to the 83rd Precinct Command Log, it appears that plaintiff was then transported from the 83rd Precinct back to Brooklyn Central Booking at approximately 12:45 p.m. Plaintiff alleges that he suffered a seizure sometime after he returned to Central Booking following his first visit to Woodhull

---

[1] In his complaint, plaintiff alleges that he was arrested on October 12, 2006.

Hospital on October 12, 2006. According to the Ambulance Call Report, Emergency Medical Technicians ("EMTs") were called to Kings Central Booking at approximately 5:30 p.m. on October 12, 2006. The EMTs tended to plaintiff at approximately 5:50 p.m., and transported him back to Woodhull Hospital at approximately 6:40 p.m. Plaintiff informed the EMTs that he had suffered a seizure.

In attempting to ascertain which officers, if any, witnessed plaintiff's seizure, defendants have searched the 83rd Precinct Command Log, the Central Booking Command Log, plaintiff's Medical Treatment of Prisoner form, the police paperwork pertaining to plaintiff's arrest, the Online Prisoner Arraignment, the Central Booking Prisoner Roster, plaintiff's medical records and the Roll Call records from the 83rd Precinct and Brooklyn Central Booking. There is no mention of plaintiff or this incident in the Central Booking Command Log, and plaintiff is not listed on the Central Booking Prisoner Roster for October 11 or 12, 2006. Moreover, plaintiff's Online Prisoner Arraignment indicates that while plaintiff was lodged into the 83rd Precinct on October 11, 2006 at approximately 7 p.m., he was not formally lodged into Central Booking until October 27, 2006, and there is a note that he was admitted into Woodhull Hospital at an unspecified time with seizures. While defendants have received a Medical Treatment of Prisoner form for plaintiff dated October 12, 2006, the document received by defendants appears to be for plaintiff's first trip to the hospital that day, as there is no mention in that document to a seizure. Defendants are currently attempting to ascertain whether there is a second Medical Treatment of Prisoner form for plaintiff dated October 12, 2006. Moreover, while defendants have been able to identify one of the officers who transported plaintiff to Woodhull Hospital following his seizure, on information and belief, this officer was not present when the alleged incident occurred. In fact, this officer, who is assigned to the 83rd Precinct, was directed to respond to Central Booking following plaintiff's seizure for the purpose of escorting plaintiff to the hospital.

Through the 83rd Precinct Command Log, defendants have been able to identify several other officers who had contact with plaintiff on October 11 and 12, 2006. However, none of the officers whom defendants have been able to reach so far, recall witnessing plaintiff having a seizure, or attending to plaintiff following his seizure. While defendants have attempted to reach out to the two officers who transported plaintiff back to Brooklyn Central Booking on October 12, 2006, one of these officers is on vacation until October 23, 2007, while the other officer is no longer employed by the Police Department. Therefore, an extension of time will allow defendants time to contact these officers to see if they can recall whether or not they witnessed plaintiff's seizure. Moreover, an extension of time will also allow defendants to gather additional documents that may identify other officers who had contact with plaintiff on the date of the incident, such as the Sprint Report, which may reveal the identity of the officer who called EMS, and a Medical Treatment of Prisoner form for plaintiff's second trip to the hospital on October 12, 2006, if such a document exists.

Accordingly, defendants respectfully request a brief two week enlargement of time, until ~~October 31, 2007, to attempt to ascertain~~ the identities of any officers whom they believe may have been involved in the incident alleged in the complaint, *[handwritten: dfts have until 11/30 to answer the complaint]*

2

I thank the Court for its time and consideration of this request.

Respectfully submitted,

Michael Chestnov
Assistant Corporation Counsel
Special Federal Litigation Division

cc:   David A. Zelman, Esq., attorney for plaintiff (by fax)

SO ORDERED 10/18/07

SIDNEY H. STEIN
U.S.D.J.