UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

FRANCISCO CAMACHO and
EVELYN CAMACHO,

                           Plaintiffs,

               -against-

THE CITY OF NEW YORK, NEW YORK
CITY POLICE OFFICER SANTOS, 83rd
precinct, POLICE OFFICER JOHN BARTEK
shield # 29956m POLICE OFFICER
BLAINE HENNIG shield # 15888, POLICE
OFFICERS JOHN/JANE DOE(S) #'s 1-2,

                         Defendants.

----------------------------------------------------------------X

**DECLARATION OF MICHAEL CHESTNOV IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

07 Civ. 5581 (SHS)

       MICHAEL CHESTNOV, an attorney duly admitted to practice in the Southern District of New York, declares pursuant to 28 U.S.C. § 1746, under penalty of perjury, as follows.

       1.  I am an Assistant Corporation Counsel in the Office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for defendants City of New York, Jose Santos (sued herein as "Police Officer Santos, 83rd Precinct"), John Bartek and Blaine Hennig (hereinafter the "City defendants").

       2.  I submit this declaration in support of the City defendants' motion for partial judgment on the pleadings pursuant to Rule 12 (c) of the Federal Rules of Civil Procedure.  I am familiar with the facts and circumstances stated herein based upon personal knowledge, the books and records of the City of New York, and conversations with its agents and employees.

       3.  Annexed hereto as Exhibit "A" is plaintiff's complaint in the instant action.

4.   Annexed hereto as Exhibit "B" is the City defendants' answer.

5.   Annexed hereto as Exhibit "C" is a Certificate of Disposition from Kings Criminal Court.

6.   Annexed hereto as Exhibit "D" is plaintiff's amended complaint in the instant action.

7.   Annexed hereto as Exhibit "E" is the City defendants' answer to the amended complaint.


Dated:      New York, New York
            November 30, 2007


                                    _____/s_____
                                    MICHAEL CHESTNOV

Exhibit "A"

UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**JUDGE STEIN**

-----------------------------------------------------------

FRANCISCO CAMACHO and
EVELYN CAMACHO

**07 CIV 5581**

Plaintiff,

**COMPLAINT**

**PLAINTIFF DEMANDS
TRIAL BY JURY**

-against-

THE CITY OF NEW YORK, NEW YORK CITY
POLICE OFFICER SANTOS 83rd precinct,
POLICE OFFICER JOHN BARTEK shield # 29956,
POLICE OFFICER BLAINE HENNIG shield # 15888,
POLICE OFFICERS JOHN/JANE DOE(S) #'s1-2,



Defendants.

-----------------------------------------------------------X

PLAINTIFFS FRANCISCO CAMACHO and EVELYN CAMACHO, by their attorney

DAVID A. ZELMAN, Esq., for their COMPLAINT, allege upon information and belief, as

follows:

## I. PRELIMINARY STATEMENT

1.      This is a civil rights action in which PLAINTIFFS FRANCISCO CAMACHO and

EVELYN CAMACHO (hereinafter "FRANCISCO" and "EVELYN") seek damages

to redress the deprivation, under color of state law, of rights secured to them under

the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States

Constitution. On or about October 12, 2006, at or near the intersection of

Knickerbocker Avenue and Willoughby Avenue in Brooklyn, New York,

FRANCISO was arrested by New York City Police Officers JOHN/JANE DOE(S)

1

#1-2 (hereinafter "DOE(S)"), POLICE OFFICER BLAINE HENNIG (hereinafter "HENNIG") and POLICE OFFICER JOHN BARTEK (hereinafter "BARTEK"). Defendants falsely arrested FRANCISCO in violation of his constitutional rights and that defendants used excessive force in the course of the arrest. It is alleged that while in custody, defendants, including but not limited to POLICE OFFICER SANTOS (hereinafter "SANTOS") assaulted FRANCISCO and denied him prompt and appropriate medical care. As a result, FRANCISCO suffered physical and mental injuries. FRANCISCO was detained for approximately 21 days. It is further alleged that FRANCISCO's wife EVELYN suffered a loss of consortium as a result of this incident.

## II. JURISDICTION

2.      Jurisdiction is conferred upon this Court by 28 U.S.C. §1343 (3) and (4), which provides for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. §1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the United States. This Court has pendant jurisdiction over PLAINTIFF's state law claims.

## III. PARTIES

3.      FRANCISCO and EVELYN at all times resided at 350 Hempstead Ave. Apt. #1A, Hempstead, NY 11551.

4.      Defendant CITY is the municipal corporation that operates the New York City Police Department (hereinafter "NYPD").

2

5.     Defendant POLICE OFFICER JOHN BARTEK shield # 29956 was a NYPD police officers, and at all relevant times hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of their employment. At all relevant times hereto, Defendant was acting under the color of state and local law.

6.     Defendant POLICE OFFICER SANTOS of the 83rd precinct was a NYPD police officer, and at all relevant times hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. At all relevant times hereto, Defendant was acting under the color of state and local law.

7.     Defendant POLICE OFFICER BLAINE HENNIG shield # 15888 was a NYPD police officer, and at all relevant times hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. At all relevant times hereto, Defendant was acting under the color of state and local law.

8.     POLICE OFFICERS JOHN/JANE DOE(S) #'s1-2 were NYPD police officers, and at all relevant times hereto, acted in that capacity as agents, servants, and/or employees of Defendant CITY and within the scope of their employment. At all relevant times hereto, Defendants were acting under the color of state and local law. Defendants are sued in their individual and official capacities.

9.     At all relevant times hereto, Defendant CITY was responsible for making and enforcing the policies of NYPD and was acting under the color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

3

## IV. FACTS

10.  On or about October 12, 2006 at about 1:30 p.m. FRANCISCO was walking on or near Kinckerbocker Ave. and Willoughby Ave. in Brooklyn when defendants, stopped FRANCISCO and arrested him without justification. Defendants transported FRANCISCO to the 83rd Precinct, and later to central booking.

11.  While at central booking, FRANCISCO was transferred to the Woodhull Hospital where he remained for approximately six hours.

12.  FRANCISCO was then transferred back to central booking.  While in custody, FRANCISCO sustained a seizure. During the seizure, and while FRANCISCO was on the floor of the cell, defendants began kicking FRANCISCO.

13.  As a result of this incident, FRANCISCO suffered two fractured vertebrae.

14.  Defendants allowed approximately four hours to pass after Plaintiff's seizure before medical care for FRANCISCO's injuries was obtained.

15.  Approximately four hours after FRANCISCO' seizure, he was transported to Woodhull Medical where he was hospitalized for approximately 21 days.

16.  FRANCISCO was kept in handcuffs for the duration of his stay in the hospital. On October 27, 2006  FRANCISCO appeared at the Criminal Court in Brooklyn where he plead guilty to Disorderly Conduct and was released from custody.

17.  On December 3, 2006, FRANCISCO's Notices of Claim and  Intention to sue were duly served upon and filed with the CITY; said Notice was filed within ninety (90) days after the cause of action herein accrued and set forth the name and post office

4

addresses of FRANCISCO, the nature of the claim, the time when, the place where, the manner in which the claim arose and the items of damage and injuries sustained.

18.     On December 21, 2006, EVELYN's Notice of Claim and Intention to sue were duly served upon and filed with the CITY; said Notice was filed within ninety (90) days after the cause of action herein accrued and set forth the name and post office addresses of EVELYN, the nature of the claim, the time when, the place where, the manner in which the claim arose, and the items of damage and injuries sustained.

19.     As a result of the injures FRANCISCO sustained during this incident, FRANCISCO has been unable to perform many of the most basic activities that a husband would provide for his wife, EVELYN.

20.     Because FRANCISCO has been unable to perform many of the most basic activities that husband would provide for his wife, EVELYN has suffered damages for loss of consortium

## V.  FIRST CAUSE OF ACTION
### Pursuant to §1983 (FALSE ARREST)

21.     Paragraphs 1 through 20 of this complaint are hereby realleged and incorporated by reference herein.

22.     That defendants had neither valid evidence for the arrest of FRANCISCO nor legal cause or excuse to seize and detain him well into the night before transporting him to a hospital.

23.     That in detaining FRANCISCO for approximately three weeks and without a fair and reliable determination of probable cause, defendant CITY abused its power and

authority as a policymaker of the New York City Police Department under the color of State and/or local law.

24.    Upon information and belief, it was the policy and/or custom of defendant CITY to inadequately supervise and train its officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

25.    As a result of the above described policies and customs, the officers, staff, agents and employees of defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

26.    The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the CITY to the constitutional rights of arrestees and were the cause of the violations of FRANCISCO's rights alleged herein.

27.    By reason of defendant's acts and omissions, defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of FRANCISCO's rights, subjected FRANCISCO to an unlawful detention, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

28.    By reason of the foregoing, FRANCISCO suffered physical injuries, mental injuries, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## VI. SECOND CAUSE OF ACTION
### Pursuant to State Law (FALSE ARREST)

29.    Paragraphs 1 through 28 are hereby realleged and incorporated by reference herein.

30.    That the seizure, detention and imprisonment of FRANCISCO was unlawful in that

defendants had no probable cause to detain, arrest and/or imprison him.

31.    That defendants intended to confine FRANCISCO.

32.    That FRANCISCO was conscious of the confinement and did not consent to it.

33.    That the confinement was not otherwise privileged.

34.    By reason of defendants acts and omissions, defendants, acting in gross and wanton

disregard of FRANCISCO's rights, deprived him of his liberty when they subjected

him to an unlawful, illegal and excessive detention, in violation of State law.

35.    That by reason of the foregoing, FRANCISCO suffered physical injuries, mental

injuries, economic injury, deprivation of liberty and privacy, terror, humiliation,

damage to reputation and other psychological injuries. All of said injuries may be

permanent.

## VII. THIRD CAUSE OF ACTION
### Pursuant to §1983 (EXCESSIVE FORCE)

36.    Paragraphs 1 through 35 are hereby realleged and incorporated by reference herein.

37.    That the incident that resulted from the intentional application of physical force by

defendants constituted a seizure. That the use of excessive force in effectuating the

seizure was unreasonable under the circumstances.

7

38.    That defendants had no legal cause or reason to use excessive force in effectuating FRANCISCO's arrest.

39.    That defendants violated FRANCISCO's Fourth and Fourteenth Amendment right to be free from unreasonable seizures when they used excessive force against him.

40.    That FRANCISCO's epileptic seizure did not warrant the use of excessive force.

41.    That at the time of the arrest, FRANCISCO did not pose a threat to the safety of the arresting officers.

42.    That FRANCISCO was not actively resisting arrest or attempting to evade arrest.

43.    That defendant CITY, through its officers, agents, and employees, unlawfully subjected FRANCISCO to excessive force while effectuating his arrest.

44.    That the defendants actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

45.    That by reason of defendants acts and omissions, acting under color of state law and within the scope of his authority, in gross and wanton disregard of FRANCISCO's rights, subjected FRANCISCO to excessive force while effectuating his arrest, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the Untied States Constitution.

46.    That upon information and belief, in 2006, defendant CITY had a policy or routine practice of using excessive force when effectuating arrests.

47.    That upon information and belief, it was the policy and/or custom of defendant CITY to inadequately train, supervise, discipline, and/or terminate their officers, staff,

agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

48.    That as a result of the above described policies and customs, the officers, staff, agents and employees of defendant CITY, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

49.    That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant CITY to the constitutional rights of arrestees and were the cause of the violations of FRANCISCO's rights alleged herein.

50.    By reason of the foregoing, FRANCISCO suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## VIII. FOURTH CAUSE OF ACTION
Pursuant to State Law (EXCESSIVE FORCE)

51.    Paragraphs 1 through 50 are hereby realleged and incorporated by reference herein.

52.    That the incident that resulted from the intentional application of physical force by defendants constituted a seizure.

53.    That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

9

54.     That defendants had no legal cause or reason to use excessive force in effectuating FRANCISCO's arrest.

55.     That FRANCISCO's epileptic seizure did not warrant the use of excessive force.

56.     That at the time of the arrest, FRANCISCO did not pose a threat to the safety of the arresting officers.

57.     That FRANCISCO was not actively resisting arrest or attempting to evade arrest.

58.     That defendants actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

59.     That by reason of defendants acts and omissions, defendants, acting under color of state law and within the scope of their authority, in gross and wanton disregard of FRANCISCO's rights, subjected FRANCISCO to excessive force while effectuating his arrest, in violation of the laws of the State of New York

60.     By reason of the foregoing, FRANCISCO suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## IX. FIFTH CAUSE OF ACTION
Pursuant to State Law (ASSAULT and BATTERY)

61.     Paragraphs 1 through 60 are hereby realleged and incorporated by reference herein.

62.     That defendants intended to cause harmful bodily contact to FRANCISCO.

63.     That defendants, in a hostile manner voluntarily caused FRANCISCO'S injuries.

10

64.     That defendants contact with FRANCISCO constituted a battery in violation of the laws of the State of New York.

65.     That by reason of the foregoing, FRANCISCO suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## X. SIXTH CAUSE OF ACTION
### Pursuant to State Law (RESPONDEAT SUPERIOR)

66.     Paragraphs 1 through 65 are hereby realleged and incorporated by reference herein.

67.     That defendants were acting in furtherance of the duties owed to their employer, defendant CITY.

68.     That at all times defendants were acting within the scope of their employment.

69.     That defendant CITY was able to exercise control over defendants and SANTOS's activities.

70.     That defendant CITY is liable for defendants' actions under the doctrine of respondeat superior.

71.     By reason of the foregoing, FRANCISCO suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## XII. SEVENTH CAUSE OF ACTION

11

Pursuant to State Law (LOSS OF CONSORTIUM)

72.    Paragraphs 1 through 71 are herein realleged and incorporated by reference herein.

73.    Due to the complained of incident, Plaintiff Evelyn Camacho was deprived of her husband's support and society.

74.    Francisco Camacho was seriously injured in the within incident and therefore Evelyn Camacho brings this claim for loss of consortium and society.

75.    Plaintiff's damages are directly related to the within incident. Plaintiff Evelyn Camacho was also psychologically injured as a result of the within incident.

## VIII. EIGHTH CAUSE OF ACTION

### Pursuant to § 1983 (DELIBERATE INDIFFERENCE)

76.    Paragraphs 1 through 75 are hereby realleged and incorporated by reference herein.

77.    That failing to treat FRANCISCO'S injuries constituted deliberate indifference to the serious medical needs of a detainee and was unlawful.

78.    That defendant CITY had no legal cause nor excuse to deny FRANCISCO proper medical treatment.

79.    That defendant CITY violated FRANCISCO'S civil rights when they refused to provide prompt and appropriate medical treatment for him.

80.    That FRANCISCO had a serious medical need and was suffering extreme pain that was in need of urgent medical treatment.

81.    That defendant CITY through its officers, agents, and /or employees knew or should have known that FRANCISCO was in serious need of medical care.

82.    That defendant CITY failed and /or refused to provide appropriate medical treatment for FRANCISCO.

83.    That defendant CITY acted with deliberate indifference to FRANCISCO' need for medical treatment.

84.    That by reason of defendant's acts and omissions, defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of FRANCISCO' rights, denied FRANCISCO medical treatment, in violation of his due process rights pursuant to the Fourteenth Amendment of the Untied States Constitution and the laws of the State of New York.

85.    That in so acting, defendant CITY abused its power and authority as policymaker of the New York City Police Department and the Department of Corrections under the color of State and /or local law.

86.    That upon information and belief, in 2006, defendant CITY had a policy or routine practice of denying medical treatment to pre-trial detainees.

87.    That upon information and belief, it was the policy and /or custom of defendant CITY to inadequately train, discipline, supervise and terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

88.    That as a result of the above described policies and customs, the officers, staff, agents and employees of defendant CITY believed that their actions would not be

13

properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

89.  That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant CITY to the constitutional rights of arrestees and were the cause of the violations of FRANCISCO's rights alleged herein.

90.  That defendant CITY, through its officers, agents, and employees, were deliberately indifferent to FRANCISCO's medical serious medical needs.

91.  By reason of the foregoing, FRANCISCO suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

**INJURY AND DAMAGES**

As a result of the acts and conduct complained of herein, FRANCISCO has suffered and will continue to suffer out-of-pocket medical expenses, physical injuries, emotional pain, suffering, inconvenience, injury to his reputation, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

WHEREFORE, FRANCISCO and EVELYN respectfully request that judgment be entered:

14

1.   Awarding FRANCISCO and EVELYN compensatory damages in a full and fair sum to be determined by a jury;

2.   Awarding FRANCISCO and EVELYN  punitive damages in an amount to be determined by a jury;

3.   Awarding FRANCISCO and EVELYN interest from October 12, 2006 and

4.   Awarding FRANCISCO and EVELYN reasonable attorney's fees pursuant to 42 USC §1988; and granting such other and further relief as to this Court seems proper.

DATED:  Brooklyn, New York
        June 11, 2006

DAVID A. ZELMAN, ESQ. (dz 8578)
612 Eastern Parkway
Brooklyn, New York 11225
(718) 604-3072

15

Exhibit "B"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

FRANCISCO CAMACHO and
EVELYN CAMACHO,

                               Plaintiffs,

                -against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE
OFFICER SANTOS, 83rd precinct, POLICE OFFICER
JOHN BARTEK shield # 29956m POLICE OFFICER
BLAINE HENNIG shield # 15888, POLICE OFFICERS
JOHN/JANE DOE(S) #'s 1-2,

                              Defendants.

------------------------------------------------------------------- x

**ANSWER**

Jury Trial Demanded

07 Civ. 5581 (SHS)

        Defendants City of New York, Jose Santos (sued herein as "NEW YORK CITY POLICE OFFICER SANTOS, 83rd precinct"), John Bartek and Blaine Hennig, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

        1.     Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiffs purport to proceed as stated therein, and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the length of plaintiff Francisco Camacho's detention.

        2.     Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiffs purport to invoke the jurisdiction of this Court as stated therein.

        3.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the complaint.

4.      Deny the allegations set forth in paragraph "4" of the complaint, except admit that the City of New York is a municipal corporation duly organized and operating under the laws of the States of New York and that the City of New York maintains a police department.

5.      Deny the allegations set forth in paragraph "5" of the complaint, except admit that John Bartek is employed by the City of New York as a police officer and state that the allegations that defendant Bartek acted "within the scope of his employment" and "under color of state and local law" are conclusions of law, rather than averments of fact, to which no response is required.

6.      Deny the allegations set forth in paragraph "6" of the complaint, except admit that Jose Santos is employed by the City of New York as a police officer and state that the allegations that defendant Santos acted "within the scope of his employment" and "under color of state and local law" are conclusions of law, rather than averments of fact, to which no response is required.

7.      Deny the allegations set forth in paragraph "7" of the complaint, except admit that Blaine Hennig is employed by the City of New York as a police officer and state that the allegations that defendant Hennig acted "within the scope of his employment" and "under color of state and local law" are conclusions of law, rather than averments of fact, to which no response is required.

8.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint.

9.      Deny the allegations set forth in paragraph "9" of the complaint, except admit that the City of New York maintains a police department.

10.     Deny the allegations set forth in paragraph "10" of the complaint.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint.

12. Deny the allegations set forth in paragraph "12" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning whether plaintiff had a seizure.

13. Deny the allegations set forth in paragraph "13" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's medical condition.

14. Deny the allegations set forth in paragraph "14" of complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint, except admit that plaintiff purports to have pled guilty to disorderly conduct..

17. Deny the allegations set forth in paragraph "17" of the complaint, except admit that a document purporting to be a Notice of Claim was received by the Comptroller's Office of the City of New York on or about December 13, 2006, and respectfully refer the Court to the document referenced therein for a statement of its contents.

18. Deny the allegations set forth in paragraph "18" of the complaint, except admit that a document purporting to be a Notice of Claim was received by the Comptroller's Office of the City of New York on or about December 21, 2006, and respectfully refer the Court to the document referenced therein for a statement of its contents.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. Deny the allegations set forth in paragraph "20" of the complaint.

21.     In response to the allegations set forth in paragraph "21" of the complaint, defendants repeat and reallege paragraphs "1" through "20" of this answer as if fully set forth herein.

22.     Deny the allegations set forth in paragraph "22" of the complaint.

23.     Deny the allegations set forth in paragraph "23" of the complaint.

24.     Deny the allegations set forth in paragraph "24" of the complaint.

25.     Deny the allegations set forth in paragraph "25" of the complaint.

26.     Deny the allegations set forth in paragraph "26" of the complaint.

27.     Deny the allegations set forth in paragraph "27" of the complaint.

28.     Deny the allegations set forth in paragraph "28" of the complaint.

29.     In response to the allegations set forth in paragraph "29" of the complaint, defendants repeat and reallege paragraphs "1" through "28" of this answer as if fully set forth herein.

30.     Deny the allegations set forth in paragraph "30" of the complaint.

31.     Admit the allegations set forth in paragraph "31" of the complaint.

32.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the complaint.

33.     Deny the allegations set forth in paragraph "33" of the complaint.

34.     Deny the allegations set forth in paragraph "34" of the complaint.

35.     Deny the allegations set forth in paragraph "35" of the complaint.

36.     In response to the allegations set forth in paragraph "36" of the complaint, defendants repeat and reallege paragraphs "1" through "35" of this answer as if fully set forth herein.

37.     Deny the allegations set forth in paragraph "37" of the complaint.

38.    Deny the allegations set forth in paragraph "38" of the complaint.

39.    Deny the allegations set forth in paragraph "39" of the complaint.

40.    Admit the allegations set forth in paragraph "40" of the complaint, except deny that excessive force was used and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning whether plaintiff had an epileptic seizure.

41.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the complaint.

42.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the complaint.

43.    Deny the allegations set forth in paragraph "43" of the complaint.

44.    Deny the allegations set forth in paragraph "44" of the complaint.

45.    Deny the allegations set forth in paragraph "45" of the complaint.

46.    Deny the allegations set forth in paragraph "46" of the complaint.

47.    Deny the allegations set forth in paragraph "47" of the complaint.

48.    Deny the allegations set forth in paragraph "48" of the complaint.

49.    Deny the allegations set forth in paragraph "49" of the complaint.

50.    Deny the allegations set forth in paragraph "50" of the complaint.

51.    In response to the allegations set forth in paragraph "51" of the complaint, defendants repeat and reallege paragraphs "1" through "50" of this answer as if fully set forth herein.

52.    Deny the allegations set forth in paragraph "52" of the complaint.

53.    Deny the allegations set forth in paragraph "53" of the complaint, including the presumption that excessive force was used.

54.     Deny the allegations set forth in paragraph "54" of the complaint, including the presumption that excessive force was used.

55.     Admit the allegations set forth in paragraph "55" of the complaint, except deny that excessive force was used and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning whether plaintiff had an epileptic seizure.

56.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "56" of the complaint.

57.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "57" of the complaint.

58.     Deny the allegations set forth in paragraph "58" of the complaint.

59.     Deny the allegations set forth in paragraph "58" of the complaint.

60.     Deny the allegations set forth in paragraph "60" of the complaint.

61.     In response to the allegations set forth in paragraph "61" of the complaint, defendants repeat and reallege paragraphs "1" through "60" of this answer as if fully set forth herein.

62.     Deny the allegations set forth in paragraph "62" of the complaint.

63.     Deny the allegations set forth in paragraph "63" of the complaint.

64.     Deny the allegations set forth in paragraph "64" of the complaint.

65.     Deny the allegations set forth in paragraph "65" of the complaint.

66.     In response to the allegations set forth in paragraph "66" of the complaint, defendants repeat and reallege paragraphs "1" through "65" of this answer as if fully set forth herein.

67.     Paragraph "67" of the complaint sets forth conclusions of law, rather than averments of fact, and accordingly no response is required.

68.     Paragraph "68" of the complaint sets forth conclusions of law, rather than averments of fact, and accordingly no response is required.

69.     Paragraph "69" of the complaint sets forth conclusions of law, rather than averments of fact, and accordingly no response is required.

70.     Deny the allegations set forth in paragraph "70" of the complaint.

71.     Deny the allegations set forth in paragraph "71" of the complaint.

72.     In response to the allegations set forth in paragraph "72" of the complaint, defendants repeat and reallege paragraphs "1" through "71" of this answer as if fully set forth herein.

73.     Deny the allegations set forth in paragraph "73" of the complaint.

74.     Deny the allegations set forth in paragraph "74" of the complaint, except admit that plaintiff Evelyn Camacho purports to proceed as stated therein.

75.     Deny the allegations set forth in paragraph "75" of the complaint.

76.     In response to the allegations set forth in paragraph "76" of the complaint, defendants repeat and reallege paragraphs "1" through "75" of this answer as if fully set forth herein.

77.     Deny the allegations set forth in paragraph "77" of the complaint.

78.     Deny the allegations set forth in paragraph "78" of the complaint, including the presumption that plaintiff Francisco Camacho was denied proper medical treatment.

79.     Deny the allegations set forth in paragraph "79" of the complaint.

80.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "80" of the complaint.

81.     Deny the allegations set forth in paragraph "81" of the complaint.

82.     Deny the allegations set forth in paragraph "82" of the complaint.

83.     Deny the allegations set forth in paragraph "83" of the complaint.

84.     Deny the allegations set forth in paragraph "84" of the complaint.

85.     Deny the allegations set forth in paragraph "85" of the complaint.

86.     Deny the allegations set forth in paragraph "86" of the complaint.

87.     Deny the allegations set forth in paragraph "87" of the complaint.

88.     Deny the allegations set forth in paragraph "88" of the complaint.

89.     Deny the allegations set forth in paragraph "89" of the complaint.

90.     Deny the allegations set forth in paragraph "90" of the complaint.

91.     Deny the allegations set forth in paragraph "91" of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

92.     The complaint fails to states a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

93.     At all times relevant to the acts alleged in the complaint, defendant City of New York, its agents and officials, acted reasonably and properly in the lawful exercise of their discretion.  Therefore, the City is entitled to governmental immunity from liability.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

94.     Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of the defendants.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

95.     Plaintiffs' state law claims may be barred in part for failure to comply with conditions precedent to suit, pursuant to New York General Municipal Law §§ 50-e and 50-i.

8

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

96.    Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any Act of Congress providing for the protection of civil rights.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

97.    The plaintiffs cannot obtain punitive damages as against the City of New York.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

98.    There was probable cause for plaintiff Francisco Camacho's arrest, detention and prosecution.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

99.    Plaintiff Francisco Camacho provoked any incident.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

100.    Defendants Jose Santos, John Bartek, and Blaine Hennig have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and therefore are protected by qualified immunity.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

101.    The Court has no subject matter jurisdiction over plaintiff Evelyn Camacho's claim.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

102.    Plaintiffs' claims may be barred in part by the doctrines of *res judicata* or collateral estoppel.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:

103.   Plaintiff Francisco Camacho's claims are barred in part by the doctrine of

Heck v. Humphrey, 512 U.S. 477 (1994).

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE:

104.   Plaintiff's claims may be barred in part by the applicable period of

limitations.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE:

105.   At all times relevant to the incident alleged, defendants Santos, Bartek and

Hennig acted reasonably and in their proper and lawful exercise of their discretion.

**WHEREFORE,** defendants request judgment dismissing the complaint in its entirety,

together with the costs and disbursements of this action, and such other and further relief as the

Court may deem just and proper.

Dated:       New York, New York
             August 30, 2007


                              MICHAEL A. CARDOZO
                              Corporation Counsel of the
                                City of New York
                              Attorney for Defendants
                              100 Church Street, Room 3-146
                              New York, New York 10007
                              (212) 788-0991


                      By:         /s
                              _____
                              Michael Chestnov (MC 0443)
                              Assistant Corporation Counsel
                              Special Federal Litigation Division


TO:    David A. Zelman, Esq.
       Attorney for Plaintiff
       612 Eastern Parkway
       Brooklyn, NY 11225 (Via E.C.F. and First Class Mail)

## DECLARATION OF SERVICE BY MAIL

I, MICHAEL CHESTNOV, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that on AUGUST 30, 2007, I caused to be served the annexed ANSWER upon the following counsel of record by depositing a copy of same, enclosed in a first class postpaid properly addressed wrapper, in a post office depository under the exclusive care and custody of the United States Postal Service, within the States of New York, directed to said counsel of record at the address set forth below, being the address designated by plaintiff for that purpose:

> David A. Zelman, Esq.
> Attorney for Plaintiff
> 612 Eastern Parkway
> Brooklyn, NY 11225

Dated:    New York, New York
          August 30, 2007

/s
_____
MICHAEL CHESTNOV
ASSISTANT CORPORATION COUNSEL

Index No. 07 Civ. 5581 (SHS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRANCISCO CAMACHO and
EVELYN CAMACHO,

Plaintiffs,

-against-

CITY OF NEW YORK, *et al.*,

Defendants.

## ANSWER

### *MICHAEL A. CARDOZO*

*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, New York  10007*

*Of Counsel:  Michael Chestnov*
*Tel:  (212) 788-0991*
*NYCLIS No.*

*Due and timely service is hereby admitted.*

*New York, N.Y.......................................................................... , 200...*

*............................................................................................. Esq.*

*Attorney for.............................................................................*

Exhibit "C"

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS

CERTIFICATE OF DISPOSITION
NUMBER: 182356

THE PEOPLE OF THE STATE OF NEW YORK
VS

CAMACHO, FRANCISCO
Defendant

04/30/1953
Date of Birth

117 21 139TH STREET
Address

2740630R
NYSID Number

JAMAICA                    NY  11436
City              State  Zip

10/11/2006
Date of Arrest/Issue

Docket Number: 2006KN074858

Summons No:

240.20 220.03
Arraignment Charges

Case Disposition Information:

| Date | Court Action | Judge | Part |
|------|-------------|-------|------|
| 10/27/2006 | PLED GUILTY & SENTENCE IMPOSED PG 240.20 CONDITIONAL DISCHARGE=1Y | SMITH, | APAR3 |

NO FEE CERTIFICATION

_ GOVERNMENT AGENCY          _ COUNSEL ASSIGNED

_ NO RECORD OF ATTORNEY READILY AVAILABLE. DEFENDANT STATES COUNSEL WAS ASSIGNED

SOURCE  _ ACCUSATORY INSTRUMENT  _ DOCKET BOOK/CRIMS  _ CRC3030[CRS963]

    I HEREBY CERTIFY THAT THIS IS A TRUE EXCERPT OF THE RECORD ON FILE IN
THIS COURT.

SINKLER,R
COURT OFFICIAL SIGNATURE AND SEAL

07/19/2007
DATE          FEE: NONE

(CAUTION: THIS DOCUMENT IS NOT OFFICIAL UNLESS EMBOSSED WITH THE COURT
       SEAL OVER THE SIGNATURE OF THE COURT OFFICIAL.)

Exhibit "D"

UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

FRANCISCO CAMACHO and
EVELYN CAMACHO

                Plaintiff,

       -against-

THE CITY OF NEW YORK, NEW YORK CITY,
POLICE OFFICER SANTOS, 83rd Precinct,
POLICE OFFICER JOHN BARTEK shield # 29956,
POLICE OFFICER BLAINE HENNIG shield # 15888,
POLICE OFFICER ANDY URENA shield # 7427,
POLICE OFFICER ABRAHAM ORTIZ shield # 22342,
POLICE OFFICER DWIGHT THOMAS shield # 12846,
POLICE SERGEANT KEITH HOWELL shield # 3772,
POLICE OFFICER GREGORY CHAVOUS shield # 6660,
POLICE OFFICER LOUIS MORSELLI, shield # 28587,
POLICE OFFICER MICHAEL HARVEY, shield #1830,
POLICE OFFICERS JOHN/JANE DOE(S) #'s1-5,

                Defendants.

-------------------------------------------------------------------X

**AMENDED SUMMONS**

**PLAINTIFF DEMANDS
TRIAL BY JURY**

07 CV 5581 (SHS)

To:    THE CITY OF NEW YORK, 100 Church Street, New York, New York 10007
       POLICE OFFICER SANTOS, 83rd Precinct, 480 Knickerbocker Avenue Brooklyn, New
       York  11237
       POLICE OFFICER JOHN BARTEK shield # 29956, 83rd Precinct, 480 Knickerbocker
       Avenue Brooklyn, New York  11237
       POLICE OFFICER BLAINE HENNIG shield # 15888, Brooklyn Court Section, 210
       Joralemon Street, Brooklyn, New York 11201
       POLICE OFFICER ANDY URENA shield # 7427, Bronx Narcotics Division, New York
       Police Department, One Police Plaza, New York, NY 10007
       POLICE OFFICER ABRAHAM ORTIZ shield # 22342, New York Police Department,
       One Police Plaza, New York, NY 10007
       POLICE OFFICER DWIGHT THOMAS shield # 12846, Brooklyn Court Section, 210
       Joralemon Street, Brooklyn, New York 11201
       POLICE SERGEANT KEITH HOWELL shield # 3772, Brooklyn Court Section, 210
       Joralemon Street, Brooklyn, New York 11201
       POLICE OFFICER GREGORY CHAVOUS shield # 6660, Brooklyn Court Section, 210
       Joralemon Street, Brooklyn, New York 11201

11/29/2007  23:23    Received:
7186043074                    Nov 29 2007 11:22pm
DAVID A ZELMAN

PAGE  03

POLICE OFFICER LOUIS MORSELLI, shield # 28587, 83rd Precinct, 480
Knickerbocker Avenue Brooklyn, New York 11237
POLICE OFFICER MICHAEL HARVEY, shield #1830, 83rd Precinct, 480
Knickerbocker Avenue Brooklyn, New York 11237
POLICE OFFICER JOHN/JANE DOE(S) #1-5, New York Police Department, One
Police Plaza, New York, NY 10007

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S
ATTORNEY, Law Office of David A. Zelman, 612 Eastern Parkway, Brooklyn, New York,
11225

_____
_____
_____
_____

an answer to the Complaint which is herewith served upon you, within twenty days after service
of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by
default will be taken against you for the relief demanded in the complaint. You must also file
your answer with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON                              **NOV 1 6 2007**

CLERK                                           DATE

(BY) DEPUTY CLERK

11/29/2007  23:23    Received:
7186043074         Nov 29 2007 11:22pm
DAVID A ZELMAN                    PAGE  04

UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

FRANCISCO CAMACHO and
EVELYN CAMACHO

                Plaintiff,

      -against-

THE CITY OF NEW YORK, NEW YORK CITY,
POLICE OFFICER SANTOS 83rd precinct,
POLICE OFFICER JOHN BARTEK shield # 29956,
POLICE OFFICER BLAINE HENNIG shield # 15888,
POLICE OFFICER ANDY URENA shield # 7427,
POLICE OFFICER ABRAHAM ORTIZ shield # 22342,
POLICE OFFICER DWIGHT THOMAS shield # 12846,
POLICE SERGEANT KEITH HOWELL shield # 3772,
POLICE OFFICER GREGORY CHAVOUS shield # 6660,
POLICE OFFICER LOUIS MORSELLI, shield # 28587,
POLICE OFFICER MICHAEL HARVEY, shield #1830,
POLICE OFFICERS JOHN/JANE DOE(S) #'s1-5,
             Defendants.
------------------------------------------------------------X

**AMENDED COMPLAINT**

**PLAINTIFF DEMANDS
TRIAL BY JURY**

07 CV 5581 (SHS)



      PLAINTIFFS FRANCISCO CAMACHO and EVELYN CAMACHO, by their attorney

DAVID A. ZELMAN, Esq., for their COMPLAINT, allege upon information and belief, as

follows:

## I. PRELIMINARY STATEMENT

1.      This is a civil rights action in which PLAINTIFFS FRANCISCO CAMACHO and

      EVELYN CAMACHO (hereinafter "FRANCISCO" and "EVELYN") seek damages

      to redress the deprivation, under color of state law, of rights secured to them under

      the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States

1

Constitution.   On or about October 12, 2006, at or near the intersection of
Knickerbocker Avenue and Willoughby Avenue in Brooklyn, New York,
FRANCISO was arrested by New York City Police Officers , BLAINE HENNIG
(hereinafter "HENNIG") and POLICE OFFICER JOHN BARTEK (hereinafter
"BARTEK").   Defendants  falsely arrested FRANCISCO in violation of his
constitutional rights and that defendants used excessive force in the course of the
arrest. It is alleged that while in custody, individual Police Officer defendants,
assaulted FRANCISCO and denied him prompt and appropriate medical care. As a
result, FRANCISCO suffered physical and mental injuries. FRANCISCO was
detained for approximately 21 days. It is further alleged that FRANCISCO's wife
EVELYN  suffered a loss of consortium as a result of this incident.

## II.  JURISDICTION

2.    Jurisdiction is conferred upon this Court by 28 U.S.C. §1343 (3) and (4), which
provides for original jurisdiction in this court of all suits brought pursuant to 42
U.S.C. §1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases
brought pursuant to the Constitution and laws of the United States. This Court has
pendant jurisdiction over PLAINTIFF's state law claims.

## III.  PARTIES

3.    FRANCISCO and EVELYN at all times resided at 350 Hempstead Ave. Apt. #1A,
Hempstead, NY 11551.

4.    Defendant CITY is the municipal corporation that operates the New York City Police
Department (hereinafter "NYPD").

11/29/2007  23:23    Received:
                     7186843074                    Nov 29 2007 11:23pm
                                        DAVID A ZELMAN

                                                                PAGE  06

5.    Defendant POLICE OFFICER JOHN BARTEK shield # 29956 was a NYPD police

officers, and at all relevant times hereto, acted in that capacity as agent, servant,

and/or employee of Defendant CITY and within the scope of their employment. At

all relevant times hereto, Defendant was acting under the color of state and local law.

6.    Defendant POLICE OFFICER SANTOS was a NYPD police officer, and at all

relevant times hereto, acted in that capacity as agent, servant, and/or employee of

Defendant CITY and within the scope of his employment.  At all relevant times

hereto, Defendant was acting under the color of state and local law.

7.    Defendant POLICE OFFICER BLAINE HENNIG shield # 15888, was a NYPD

police officer, and at all relevant times hereto, acted in that capacity as agent, servant,

and/or employee of Defendant CITY and within the scope of his employment. At all

relevant times hereto, Defendant was acting under the color of state and local law.

8.    POLICE OFFICER ANDY URENA shield # 7427, was a NYPD police officer, and

at all relevant times hereto, acted in that capacity as agent, servant, and/or employee

of Defendant CITY and within the scope of his employment.  At all relevant times

hereto, Defendant was acting under the color of state and local law.

9.    POLICE OFFICER ABRAHAM ORTIZ shield # 22342, was a NYPD police officer,

and at all relevant times hereto, acted in that capacity as agent, servant, and/or

employee of Defendant CITY and within the scope of his employment.  At all

relevant times hereto, Defendant was acting under the color of state and local law.

10.   POLICE OFFICER DWIGHT THOMAS shield # 12846, was a NYPD police officer,

and at all relevant times hereto, acted in that capacity as agent, servant, and/or

11/29/2007  23:23   Received:   7186043074      Nov 29 2007 11:23pm
DAVID A ZELMAN                                          PAGE  07

employee of Defendant CITY and within the scope of his employment.  At all relevant times hereto, Defendant was acting under the color of state and local law.

11.  POLICE SERGEANT KEITH HOWELL shield # 3772, was a NYPD police sergeant, and at all relevant times hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment.  At all relevant times hereto, Defendant was acting under the color of state and local law.

12.  POLICE OFFICER GREGORY CHAVOUS shield # 6660, was a NYPD police officer, and at all relevant times hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment.  At all relevant times hereto, Defendant was acting under the color of state and local law.

13.   POLICE OFFICER LOUIS MORSELLI, shield # 28587 , was a NYPD police officer, and at all relevant times hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment.  At all relevant times hereto, Defendant was acting under the color of state and local law.

14.  POLICE OFFICER  MICHAEL HARVEY, shield #1830, was a NYPD police officer, and at all relevant times hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment.  At all relevant times hereto, Defendant was acting under the color of state and local law.

15.  POLICE OFFICERS JOHN/JANE DOE(S) #'s1-5 were NYPD police officers, and at all relevant times hereto, acted in that capacity as agents, servants, and/or employees of Defendant CITY and within the scope of their employment.  At all

11/29/2007  23:23    Received:
7186043074                    Nov 29 2007 11:23pm
DAVID A ZELMAN                              PAGE  08

relevant times hereto, Defendants were acting under the color of state and local law. Defendants are sued in their individual and official capacities.

16.    At all relevant times hereto, Defendant CITY was responsible for making and enforc-ing the policies of NYPD and was acting under the color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

## IV. FACTS

17.    On or about October 12, 2006 at about 1:30 p.m. FRANCISCO was walking on or near Kinckerbocker Ave. and Willoughby Ave. in Brooklyn when police officer defendants, stopped FRANCISCO and arrested him without justification. Defendants transported FRANCISCO to the 83rd Precinct, and later to central booking.

18.    While at central booking, FRANCISCO was transferred to the Woodhull Hospital where he remained for approximately six hours.

19.    FRANCISCO was then transferred back to central booking.  While in custody, FRANCISCO sustained a seizure. During the seizure, and while FRANCISCO was on the floor of the cell, defendants began kicking FRANCISCO.

20.    As a result of this incident, FRANCISCO suffered two fractured vertebrae.

21.    Defendants allowed approximately four hours to pass after Plaintiff's seizure before medical care for FRANCISCO's injuries was obtained. It is also alleged defendants withheld plaintiff's medication which caused the seizure to occur.

11/29/2007  23:23    Received:
7186043074    Nov 29 2007 11:23pm
DAVID A ZELMAN    PAGE  09

22.    Approximately four hours after FRANCISCO' seizure, he was transported to
Woodhull Medical where he was hospitalized for approximately 21 days.

23.    FRANCISCO was kept in handcuffs for the duration of his stay in the hospital.
On October 27, 2006  FRANCISCO appeared at the Criminal Court in Brooklyn
where he plead guilty to Disorderly Conduct and was released from custody.

24.    On December 3, 2006, FRANCISCO's Notices of Claim and  Intention to sue were
duly served upon and filed with the CITY; said Notice was filed within ninety (90)
days after the cause of action herein accrued and set forth the name and post office
addresses of FRANCISCO, the nature of the claim, the time when, the place where,
the manner in which the claim arose and the items of damage and injuries sustained.

25.    On December 21, 2006, EVELYN's Notice of Claim and Intention to sue were duly
served upon and filed with the CITY; said Notice was filed within ninety (90) days
after the cause of action herein accrued and set forth the name and post office
addresses of EVELYN, the nature of the claim, the time when, the place where, the
manner in which the claim arose, and the items of damage and injuries sustained.

26.    As a result of the injures FRANCISCO sustained during this incident, FRANCISCO
has been unable to perform many of the most basic activities that a husband would
provide for his wife, EVELYN.

27.    Because FRANCISCO has been unable to perform many of the most basic activities
that husband would provide for his wife, EVELYN has suffered damages for loss of
consortium

6

11/29/2007  23:23    Received:
7186043074    Nov 29 2007 11:24pm
DAVID A ZELMAN    PAGE  10

## V. FIRST CAUSE OF ACTION
### Pursuant to §1983 (FALSE ARREST)

28.    Paragraphs 1 through 27 of this complaint are hereby realleged and incorporated by reference herein.

29.    That defendants had neither valid evidence for the arrest of FRANCISCO nor legal cause or excuse to seize and detain him well into the night before transporting him to a hospital.

30.    That in detaining FRANCISCO for approximately three weeks and without a fair and reliable determination of probable cause, defendant CITY abused its power and authority as a policymaker of the New York City Police Department under the color of State and/or local law.

31.    Upon information and belief, it was the policy and/or custom of defendant CITY to inadequately supervise and train its officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

32.    As a result of the above described policies and customs, the officers, staff, agents and employees of defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

33.    The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the CITY to the constitutional rights of arrestees and were the cause of the violations of FRANCISCO's rights alleged herein.

7

34.   By reason of defendant's acts and omissions, defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of FRANCISCO's rights, subjected FRANCISCO to an unlawful detention, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

35.   By reason of the foregoing, FRANCISCO suffered physical injuries, mental injuries, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries.  All of said injuries may be permanent.

## VI. SECOND CAUSE OF ACTION
Pursuant to State Law (FALSE ARREST)

36.   Paragraphs 1 through 35 are hereby realleged and incorporated by reference herein.

37.   That the seizure, detention and imprisonment of FRANCISCO was unlawful in that defendants had no probable cause to detain, arrest and/or imprison him.

38.   That defendants intended to confine FRANCISCO.

39.   That FRANCISCO was conscious of the confinement and did not consent to it.

40.   That the confinement was not otherwise privileged.

41.   By reason of defendants acts and omissions, defendants, acting in gross and wanton disregard of FRANCISCO's rights, deprived him of his liberty when they subjected him to an unlawful, illegal and excessive detention, in violation of State law.

42.   That by reason of the foregoing, FRANCISCO suffered physical injuries, mental injuries, economic injury, deprivation of liberty and privacy, terror, humiliation,

damage to reputation and other psychological injuries.  All of said injuries may be permanent.

### VII. THIRD CAUSE OF ACTION
Pursuant to §1983 (EXCESSIVE FORCE)

43.    Paragraphs 1 through 42 are hereby realleged and incorporated by reference herein.

44.    That the incident that resulted from the intentional application of physical force by defendants constituted a seizure.  That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

45.    That defendants had no legal cause or reason to use excessive force in effectuating FRANCISCO's arrest and thereafter.

46.    That defendants violated FRANCISCO's Fourth and Fourteenth Amendment right to be free from unreasonable seizures when they used excessive force against him.

47.    That FRANCISCO's seizure did not warrant the use of excessive force.

48.    That at the time of the arrest, FRANCISCO did not pose a threat to the safety of the arresting officers.

49.    That FRANCISCO was not actively resisting arrest or attempting to evade arrest.

50.    That defendant CITY, through its officers, agents, and employees, unlawfully subjected  FRANCISCO  to excessive force  while effectuating his arrest and thereafter.

51.    That the defendants actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

52.    That by reason of defendants acts and omissions, acting under color of state law and within the scope of his authority, in gross and wanton disregard of FRANCISCO's rights, subjected  FRANCISCO  to excessive force while effectuating his arrest, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the Untied States Constitution.

53.    That upon information and belief, in 2006, defendant CITY had a policy or routine practice of using excessive force when effectuating arrests.

54.    That upon information and belief, it was the policy and/or custom of defendant CITY to inadequately train, supervise, discipline, and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

55.    That as a result of the above described policies and customs, the officers, staff, agents and employees of defendant CITY, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

56.    That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant CITY to the constitutional rights of arrestees and were the cause of the violations of  FRANCISCO's rights alleged herein.

57.    By reason of the foregoing, FRANCISCO suffered physical injuries, mental injuries, emotional  injuries, economic  injury, trauma, humiliation, terror, damage  to reputation, and other psychological injuries. All of said injuries may be permanent.

Received:
11/29/2007  23:23   7186043074

Nov 29 2007 11:25pm
DAVID A ZELMAN

PAGE   14

## VIII. FOURTH CAUSE OF ACTION
### Pursuant to State Law (EXCESSIVE FORCE)

58.   Paragraphs 1 through 57 are hereby realleged and incorporated by reference herein.

59.   That the incident that resulted from the intentional application of physical force by defendants constituted a seizure.

60.   That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

61.   That defendants had no legal cause or reason to use excessive force in effectuating FRANCISCO's arrest.

62.   That FRANCISCO's epileptic seizure did not warrant the use of excessive force.

63.   That at the time of the arrest, FRANCISCO did not pose a threat to the safety of the arresting officers.

64.   That FRANCISCO was not actively resisting arrest or attempting to evade arrest.

65.   That defendants actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

66.   That by reason of defendants acts and omissions, defendants, acting under color of state law and within the scope of their authority, in gross and wanton disregard of FRANCISCO's rights, subjected FRANCISCO to excessive force while effectuating his arrest, in violation of the laws of the State of New York

67.    By reason of the foregoing, FRANCISCO suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## IX. FIFTH CAUSE OF ACTION
Pursuant to State Law (ASSAULT and BATTERY)

68.    Paragraphs 1 through 67 are hereby realleged and incorporated by reference herein.

69.    That defendants intended to cause harmful bodily contact to FRANCISCO.

70.    That defendants, in a hostile manner voluntarily caused FRANCISCO'S injuries.

71.    That defendants contact with FRANCISCO constituted a battery in violation of the laws of the State of New York.

72.    That by reason of the foregoing, FRANCISCO suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## X. SIXTH CAUSE OF ACTION
Pursuant to State Law (RESPONDEAT SUPERIOR)

73.    Paragraphs 1 through 73 are hereby realleged and incorporated by reference herein.

74.    That defendants were acting in furtherance of the duties owed to their employer, defendant CITY.

Received:
11/29/2007  23:23      7186043074        Nov 29 2007 11:25pm
                                          DAVID A ZELMAN                    PAGE  16

75.   That at all times defendants were acting within the scope of their employment.

76.   That defendant CITY was able to exercise control over defendants and

      SANTOS's activities.

77.   That defendant CITY is liable for defendants' actions under the doctrine of

      respondeat superior.

78.   By reason of the foregoing, FRANCISCO suffered physical injuries,  mental

      injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage

      to reputation, and other psychological injuries.  All of said injuries may be

      permanent.

### XII. SEVENTH CAUSE OF ACTION

Pursuant to State Law (LOSS OF CONSORTIUM)

79.   Paragraphs 1 through 78 are herein realleged and incorporated by reference herein.

80.   Due to the complained of incident, Plaintiff Evelyn Camacho was deprived of her

      husband's support and society.

81.   Francisco Camacho was seriously injured in the within incident and therefore

      Evelyn Camacho brings this claim for loss of consortium, services and society.

82.   Plaintiff's damages are directly related to the within incident.  Plaintiff Evelyn

      Camacho was also psychologically injured as a result of the within incident.

## VIII. EIGHTH CAUSE OF ACTION

### Pursuant to § 1983 (DELIBERATE INDIFFERENCE)

83.  Paragraphs 1 through 82 are hereby realleged and incorporated by reference herein.

84.  That failing to treat FRANCISCO'S injuries and/or provide needed medcation while in custody constituted deliberate indifference to the serious medical needs of a detainee and was unlawful.

85.  That defendant CITY had no legal cause nor excuse to deny FRANCISCO proper medical treatment.

86.  That defendant CITY violated FRANCISCO'S civil rights when they refused to provide prompt and appropriate medical treatment for him.

87.  That FRANCISCO had a serious medical need and was suffering extreme pain that was in need of urgent medical treatment.

88.  That defendant CITY through its officers, agents, and /or employees knew or should have known that FRANCISCO was in serious need of medical care.

89.  That defendant CITY failed and /or refused to provide appropriate medical treatment for FRANCISCO.

90.  That defendant CITY acted with deliberate indifference to FRANCISCO' need for medical treatment.

91.  That by reason of defendant's acts and omissions, defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of FRANCISCO' rights, denied FRANCISCO medical treatment, in

14

Received:
11/29/2007  23:23    7186043074

Nov 29 2007 11:25pm
DAVID A ZELMAN                    PAGE  18

violation of his due process rights pursuant to the Fourteenth Amendment of the
Untied States Constitution and the laws of the State of New York.

92.    That in so acting, defendant CITY abused its power and authority as policymaker
of the New York City Police Department and the Department of Corrections
under the color of State and /or local law.

93.    That upon information and belief, in 2006, defendant CITY had a policy or
routine practice of denying medical treatment to pre-trial detainees.

94.    That upon information and belief, it was the policy and /or custom of defendant
CITY to inadequately train, discipline, supervise and terminate their officers, staff,
agents and employees, thereby failing to adequately discourage further
constitutional violations on the part of their officers, staff, agents and employees.

95.    That as a result of the above described policies and customs, the officers, staff,
agents and employees of defendant CITY believed that their actions would not be
properly monitored by supervisory officers and that misconduct would not be
investigated or sanctioned, but would be tolerated.

96.    That the above described policies and customs demonstrate a deliberate
indifference on the part of the policymakers of defendant CITY to the
constitutional rights of arrestees and were the cause of the violations of
FRANCISCO's rights alleged herein.

97.    That defendant CITY, through its officers, agents, and employees, were
deliberately indifferent to FRANCISCO's medical serious medical needs.

11/29/2007  23:23    Received:  7186043074    Nov 29 2007 11:26pm    DAVID A ZELMAN    PAGE  19

98.    By reason of the foregoing, FRANCISCO suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries.  All of said injuries may be permanent.

## INJURY AND DAMAGES

As a result of the acts and conduct complained of herein, FRANCISCO has suffered and will continue to suffer out-of-pocket medical expenses, physical injuries, emotional pain, suffering, inconvenience, injury to his reputation, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

WHEREFORE, FRANCISCO and EVELYN respectfully request that judgment be entered:

1.    Awarding FRANCISCO and EVELYN compensatory damages in a full and fair sum to be determined by a jury;

2.    Awarding FRANCISCO and EVELYN  punitive damages in an amount to be determined by a jury;

3.    Awarding FRANCISCO and EVELYN interest from October 12, 2006 and

4.    Awarding FRANCISCO and EVELYN reasonable attorney's fees pursuant to 42 USC §1988; and granting such other and further relief as to this Court seems proper.

Received:
11/29/2007  23:23    7186043074
Nov 29 2007 11:26pm
DAVID A ZELMAN                    PAGE  20

DATED:  Brooklyn, New York
        November 14, 2007

DAVID A. ZELMAN, ESQ. (dz
8578)
612 Eastern Parkway
Brooklyn, New York 11225
(718) 604-3072

17

11/29/2007  23:23    Received:
7186043074

Nov 29 2007 11:26pm
DAVID A ZELMAN

PAGE  21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————X
FRANCISCO CAMACHO and EVELYN CAMACHO

        Plaintiffs,

                                  07 CV 5581 (SHS)

       -against-

THE CITY OF NEW YORK, NEW YORK CITY,
POLICE OFFICER SANTOS 83rd precinct,
POLICE OFFICER JOHN BARTEK shield # 29956,
POLICE OFFICER BLAINE HENNIG shield # 15888,
POLICE OFFICER ANDY URENA shield # 7427,
POLICE OFFICER ABRAHAM ORTIZ shield # 22342,
POLICE OFFICER DWIGHT THOMAS shield # 12846,
POLICE SERGEANT KEITH HOWELL shield # 3772,
POLICE OFFICER GREGORY CHAVOUS shield # 6660,
POLICE OFFICER LOUIS MORSELLI, shield # 28587,
POLICE OFFICER MICHAEL HARVEY, shield #1830,
POLICE OFFICERS JOHN/JANE DOE(S) #'s1-5,

               Defendant,

————————————————————————X

## AMENDED COMPLAINT

DAVID A. ZELMAN (DZ8578)
ATTORNEY FOR PLAINTIFF
612 Eastern Parkway
Brooklyn, NY 11225
(718) 604-3072

Exhibit "E"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

FRANCISCO CAMACHO and
EVELYN CAMACHO,

                                          Plaintiffs,

                    -against-

THE CITY OF NEW YORK, NEW YORK CITY,
POLICE OFFICER SANTOS, 83rd precinct,
POLICE OFFICER JOHN BARTEK shield # 29956,
POLICE OFFICER BLAINE HENNIG shield # 15888,
POLICE OFFICER ANDY URENA, shield # 7427,
POLICE OFFICER ABRAHAM ORTIZ 22342
POLICE OFFICER DWIGHT THOMAS, shield # 12846
POLICE SERGEANT KEITH HOWELL, shield # 3772
POLICE OFFICER GREGORY CHAVOUS, shield # 6660
POLICE OFFICER LOUIS MORSELLI, shield # 28587
POLICE OFFICER MICHAEL HARVEY, shield # 1830
POLICE OFFICERS JOHN/JANE DOE(S) #'s 1-5,

                                          Defendants.

------------------------------------------------------------------------ x

**ANSWER TO THE
AMENDED COMPLAINT ON
BEHALF OF DEFENDANTS
CITY OF NEW YORK,
BARTEK, SANTOS AND
HENNIG**

Jury Trial Demanded

07 Civ. 5581 (SHS)

            Defendants City of New York, Jose Santos (sued herein as "NEW YORK CITY

POLICE OFFICER SANTOS, 83rd precinct"), John Bartek and Blaine Hennig[1], by their

attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to

the amended complaint, respectfully allege, upon information and belief, as follows:

            1.        Deny the allegations set forth in paragraph "1" of the amended complaint,

except admit that plaintiffs purport to proceed as stated therein, and deny knowledge or

---

[1] On information and belief, defendants Urena, Ortiz, Thomas, Howell, Chavous, Morselli and
Harvey, have yet not been served with process in this matter.

information sufficient to form a belief as to the truth of the allegations concerning the length of plaintiff Francisco Camacho's detention.

2.    Deny the allegations set forth in paragraph "2" of the amended complaint, except admit that plaintiffs purport to invoke the jurisdiction of this Court as stated therein.

3.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the amended complaint.

4.    Deny the allegations set forth in paragraph "4" of the amended complaint, except admit that the City of New York is a municipal corporation duly organized and operating under the laws of the States of New York and that the City of New York maintains a police department.

5.    Deny the allegations set forth in paragraph "5" of the amended complaint, except admit that John Bartek is employed by the City of New York as a police officer and state that the allegations that defendant Bartek acted "within the scope of his employment" and "under color of state and local law" are conclusions of law, rather than averments of fact, to which no response is required.

6.    Deny the allegations set forth in paragraph "6" of the amended complaint, except admit that Jose Santos is employed by the City of New York as a police officer and state that the allegations that defendant Santos acted "within the scope of his employment" and "under color of state and local law" are conclusions of law, rather than averments of fact, to which no response is required.

7.    Deny the allegations set forth in paragraph "7" of the amended complaint, except admit that Blaine Hennig is employed by the City of New York as a police officer and state that the allegations that defendant Hennig acted "within the scope of his employment" and

"under color of state and local law" are conclusions of law, rather than averments of fact, to which no response is required.

      8.    Deny the allegations set forth in paragraph "8" of the amended complaint, except admit that Andy Urena was employed by the City of New York as a police officer and state that the allegations that defendant Urena acted "within the scope of his employment" and "under color of state and local law" are conclusions of law, rather than averments of fact, to which no response is required.

      9.    Deny the allegations set forth in paragraph "9" of the amended complaint, except admit that Abraham Ortiz was employed by the City of New York as a police officer and state that the allegations that defendant Ortiz acted "within the scope of his employment" and "under color of state and local law" are conclusions of law, rather than averments of fact, to which no response is required.

      10.    Deny the allegations set forth in paragraph "10" of the amended complaint, except admit that Dwight Thomas is employed by the City of New York as a police officer and state that the allegations that defendant Thomas acted "within the scope of his employment" and "under color of state and local law" are conclusions of law, rather than averments of fact, to which no response is required.

      11.    Deny the allegations set forth in paragraph "11" of the amended complaint, except admit that Keith Howel is employed by the City of New York as a police sergeant and state that the allegations that defendant Howell acted "within the scope of his employment" and "under color of state and local law" are conclusions of law, rather than averments of fact, to which no response is required.

      12. Deny the allegations set forth in paragraph "12" of the amended complaint, except admit that Gregory Chavous is employed by the City of New York as a police officer and

state that the allegations that defendant Chavous acted "within the scope of his employment" and "under color of state and local law" are conclusions of law, rather than averments of fact, to which no response is required.

13. Deny the allegations set forth in paragraph "13" of the amended complaint, except admit that Louis Morselli is employed by the City of New York as a police officer and state that the allegations that defendant Morselli acted "within the scope of his employment" and "under color of state and local law" are conclusions of law, rather than averments of fact, to which no response is required.

14. Deny the allegations set forth in paragraph "14" of the amended complaint, except admit that Michael Harvey is employed by the City of New York as a police officer and state that the allegations that defendant Harvey acted "within the scope of his employment" and "under color of state and local law" are conclusions of law, rather than averments of fact, to which no response is required.

15.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the amended complaint.

16.    Deny the allegations set forth in paragraph "16" of the amended complaint, except admit that the City of New York maintains a police department.

17.    Deny the allegations set forth in paragraph "17" of the amended complaint.

18.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the amended complaint.

19.    Deny the allegations set forth in paragraph "19" of the amended complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning whether plaintiff had a seizure.

20.    Deny the allegations set forth in paragraph "20" of the amended complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's medical condition.

21.    Deny the allegations set forth in paragraph "21" of amended complaint.

22.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the amended complaint.

23.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the amended complaint, except admit that plaintiff purports to have pled guilty to disorderly conduct.

24.    Deny the allegations set forth in paragraph "24" of the amended complaint, except admit that a document purporting to be a Notice of Claim was received by the Comptroller's Office of the City of New York on or about December 13, 2006, and respectfully refer the Court to the document referenced therein for a statement of its contents.

25.    Deny the allegations set forth in paragraph "25" of the amended complaint, except admit that a document purporting to be a Notice of Claim was received by the Comptroller's Office of the City of New York on or about December 21, 2006, and respectfully refer the Court to the document referenced therein for a statement of its contents.

26.    Deny the allegations set forth in paragraph "26" of the amended complaint.

27.    Deny the allegations set forth in paragraph "27" of the amended complaint.

28.    In response to the allegations set forth in paragraph "28" of the amended complaint, defendants repeat and reallege paragraphs "1" through "27" of this answer as if fully set forth herein.

29. Deny the allegations set forth in paragraph "29" of the amended complaint.

30. Deny the allegations set forth in paragraph "30" of the amended complaint.

31. Deny the allegations set forth in paragraph "31" of the amended complaint.

32. Deny the allegations set forth in paragraph "32" of the amended complaint.

33. Deny the allegations set forth in paragraph "33" of the amended complaint.

34. Deny the allegations set forth in paragraph "34" of the amended complaint.

35. Deny the allegations set forth in paragraph "35" of the amended complaint.

36. In response to the allegations set forth in paragraph "36" of the amended complaint, defendants repeat and reallege paragraphs "1" through "35" of this answer as if fully set forth herein.

37. Deny the allegations set forth in paragraph "37" of the amended complaint.

38. Admit the allegations set forth in paragraph "38" of the amended complaint.

39. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the amended complaint.

40.    Deny the allegations set forth in paragraph "33" of the amended complaint.

41.    Deny the allegations set forth in paragraph "41" of the amended complaint.

42.    Deny the allegations set forth in paragraph "42" of the amended complaint.

43.    In response to the allegations set forth in paragraph "43" of the amended complaint, defendants repeat and reallege paragraphs "1" through "42" of this answer as if fully set forth herein.

44.    Deny the allegations set forth in paragraph "44" of the amended complaint.

45.    Deny the allegations set forth in paragraph "45" of the amended complaint, including the presumption that excessive force was used.

46.    Deny the allegations set forth in paragraph "46" of the amended complaint.

47.    Admit the allegations set forth in paragraph "47" of the amended complaint, except deny that excessive force was used and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning whether plaintiff had an epileptic seizure.

48.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "48" of the amended complaint.

49.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "49" of the amended complaint.

50.    Deny the allegations set forth in paragraph "50" of the amended complaint.

51.    Deny the allegations set forth in paragraph "51" of the amended complaint.

52.    Deny the allegations set forth in paragraph "52" of the amended complaint.

53.    Deny the allegations set forth in paragraph "53" of the amended complaint.

54.    Deny the allegations set forth in paragraph "54" of the amended complaint.

55.    Deny the allegations set forth in paragraph "55" of the amended complaint.

56.    Deny the allegations set forth in paragraph "56" of the amended complaint.

57.    Deny the allegations set forth in paragraph "57" of the amended complaint.

58.    In response to the allegations set forth in paragraph "58" of the amended complaint, defendants repeat and reallege paragraphs "1" through "57" of this answer as if fully set forth herein.

59.    Deny the allegations set forth in paragraph "59" of the amended complaint.

60.    Deny the allegations set forth in paragraph "60" of the amended complaint, including the presumption that excessive force was used.

61.    Deny the allegations set forth in paragraph "61" of the amended complaint, including the presumption that excessive force was used.

62.    Admit the allegations set forth in paragraph "62" of the amended complaint, except deny that excessive force was used and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning whether plaintiff had an epileptic seizure.

63.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "63" of the amended complaint.

64.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "64" of the amended complaint.

65.    Deny the allegations set forth in paragraph "65" of the amended complaint.

66.    Deny the allegations set forth in paragraph "66" of the amended complaint.

67.    Deny the allegations set forth in paragraph "67" of the amended complaint.

68.    In response to the allegations set forth in paragraph "68" of the amended complaint, defendants repeat and reallege paragraphs "1" through "67" of this answer as if fully set forth herein.

69.    Deny the allegations set forth in paragraph "69" of the amended complaint.

70.    Deny the allegations set forth in paragraph "70" of the amended complaint.

71.    Deny the allegations set forth in paragraph "71" of the amended complaint.

72.    Deny the allegations set forth in paragraph "72" of the amended complaint.

73.    In response to the allegations set forth in paragraph "73" of the amended complaint, defendants repeat and reallege paragraphs "1" through "72" of this answer as if fully set forth herein.

74.    Paragraph "74" of the amended complaint sets forth conclusions of law, rather than averments of fact, and accordingly no response is required.

75.    Paragraph "75" of the amended complaint sets forth conclusions of law, rather than averments of fact, and accordingly no response is required.

76.    Paragraph "76" of the amended complaint sets forth conclusions of law, rather than averments of fact, and accordingly no response is required.

77.    Deny the allegations set forth in paragraph "77" of the amended complaint.

78.    Deny the allegations set forth in paragraph "78" of the amended complaint.

79.    In response to the allegations set forth in paragraph "79" of the amended complaint, defendants repeat and reallege paragraphs "1" through "78" of this answer as if fully set forth herein.

80.    Deny the allegations set forth in paragraph "80" of the amended complaint.

81.    Deny the allegations set forth in paragraph "81" of the amended complaint, except admit that plaintiff Evelyn Camacho purports to proceed as stated therein.

82.     Deny the allegations set forth in paragraph "82" of the amended complaint.

83.     In response to the allegations set forth in paragraph "83" of the amended complaint, defendants repeat and reallege paragraphs "1" through "82" of this answer as if fully set forth herein.

84.     Deny the allegations set forth in paragraph "84" of the amended complaint.

85.     Deny the allegations set forth in paragraph "85" of the amended complaint, including the presumption that plaintiff Francisco Camacho was denied proper medical treatment.

86.     Deny the allegations set forth in paragraph "86" of the amended complaint.

87.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "80" of the amended complaint.

88.     Deny the allegations set forth in paragraph "87" of the amended complaint.

89.     Deny the allegations set forth in paragraph "88" of the amended complaint.

90.     Deny the allegations set forth in paragraph "89" of the amended complaint.

91.     Deny the allegations set forth in paragraph "90" of the amended complaint.

92.     Deny the allegations set forth in paragraph "91" of the amended complaint.

93.    Deny the allegations set forth in paragraph "92" of the amended complaint.

94.    Deny the allegations set forth in paragraph "93" of the amended complaint.

95.    Deny the allegations set forth in paragraph "94" of the amended complaint.

96.    Deny the allegations set forth in paragraph "95" of the amended complaint.

97.    Deny the allegations set forth in paragraph "96" of the amended complaint.

98.    Deny the allegations set forth in paragraph "97 " of the amended complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

99.    The amended complaint fails to states a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

100.    At all times relevant to the acts alleged in the amended complaint, defendant City of New York, its agents and officials, acted reasonably and properly in the lawful exercise of their discretion.    Therefore, the City is entitled to governmental immunity from liability.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

101.    Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct and or the intervening conduct of third parties and was not the proximate result of any act of the defendants.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

102.    Plaintiffs' state law claims may be barred in part for failure to comply with conditions precedent to suit, pursuant to New York General Municipal Law §§ 50-e and 50-i.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

103.    Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any Act of Congress providing for the protection of civil rights.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

104.    The plaintiffs cannot obtain punitive damages as against the City of New York.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

105.    There was probable cause for plaintiff Francisco Camacho's arrest, detention and prosecution.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

106.    Plaintiff Francisco Camacho provoked any incident.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

107.    Defendants Jose Santos, John Bartek, and Blaine Hennig have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and therefore are protected by qualified immunity.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

108.    The Court has no subject matter jurisdiction over plaintiff Evelyn Camacho's claim.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

109.   Plaintiffs' claims may be barred in part by the doctrines of *res judicata* or collateral estoppel.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE:

110.   Plaintiff's claims may be barred in part by the applicable period of limitations.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE:

111.   At all times relevant to the incident alleged, defendants Santos, Bartek and Hennig acted reasonably and in their proper and lawful exercise of their discretion, and therefore are entitled to qualified immunity.

**WHEREFORE,** defendants request judgment dismissing the amended complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:        New York, New York
              November 30, 2007

                          MICHAEL A. CARDOZO
                          Corporation Counsel of the
                            City of New York
                          Attorney for Defendants City of New York, Bartek,
                          Santos and Hennig
                          100 Church Street, Room 3-143
                          New York, New York 10007
                          (212) 788-0991

              By:         _____
                          Michael Chestnov
                          Assistant Corporation Counsel
                          Special Federal Litigation Division

TO:     David A. Zelman, Esq.
        Attorney for Plaintiff
        612 Eastern Parkway
        Brooklyn, NY 11225 (Via E.C.F. and First Class Mail)

Index No. 07 Civ. 5581 (SHS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRANCISCO CAMACHO and
EVELYN CAMACHO,

                                              Plaintiffs,

                    -against-

CITY OF NEW YORK, *et al.*,

                                              Defendants.

## ANSWER TO THE AMENDED COMPLAINT

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants City of New York,*
*Bartek, Santos and Hennig*
*100 Church Street*
*New York, New York 10007*

*Of Counsel: Michael Chestnov*
*Tel: (212) 788-0991*
*NYCLIS No.*

*Due and timely service is hereby admitted.*

*New York, N.Y.* ........................................................................ *, 200...*

.................................................................................. *, Esq.*

*Attorney for* ............................................................................

Index No. 07 Civ. 5581 (SHS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRANCISCO CAMACHO and
EVELYN CAMACHO,

> Plaintiffs,

-against-

CITY OF NEW YORK, *et al.*,

> Defendants.

**NOTICE OF MOTION AND DECLARATION OF
MICHAEL CHESTNOV**

***MICHAEL A. CARDOZO***
*Corporation Counsel of the City of New York*
*Attorney for Defendants City of New York,*
*Bartek, Santos and Hennig*
*100 Church Street*
*New York, New York  10007*

*Of Counsel:  Michael Chestnov*
*Tel:  (212) 788-0991*
*NYCLIS No.*

*Due and timely service is hereby admitted.*

*New York, N.Y. ........................................................................., 200 ..*

*............................................................................................. Esq.*

*Attorney for ...........................................................................*