UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

FRANCISCO CAMACHO and
EVELYN CAMACHO,

                                            Plaintiffs,

                                      07 Civ. 5581 (SHS)

            -against-

THE CITY OF NEW YORK, NEW YORK CITY,
POLICE OFFICER SANTOS, 83rd precinct,
POLICE OFFICER JOHN BARTEK shield # 29956,
POLICE OFFICER BLAINE HENNIG shield # 15888,
POLICE OFFICER ANDY URENA, shield # 7427,
POLICE OFFICER ABRAHAM ORTIZ 22342
POLICE OFFICER DWIGHT THOMAS, shield # 12846
POLICE SERGEANT KEITH HOWELL, shield # 3772
POLICE OFFICER GREGORY CHAVOUS, shield # 6660
POLICE OFFICER LOUIS MORSELLI, shield # 28587
POLICE OFFICER MICHAEL HARVEY, shield # 1830
POLICE OFFICERS JOHN/JANE DOE(S) #'s 1-5,

Defendants.

                                           Defendants.

------------------------------------------------------------------------- x

**CITY DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS.**

**PRELIMINARY STATEMENT**

        Plaintiff Francisco Camacho, brings this action, pursuant to 42 U.S.C. § 1983 against defendants City of New York, Jose Santos (sued herein as "Police Officer Santos, 83rd Precinct"), John Bartek, Blaine Hennig, Andy Urena, Abraham Ortiz, Dwight Thomas, Keith

Howell, Gregory Chavous, Louis Morselli, and Michael Harvey.[1] Defendants City of New York, Bartek, Hennig and Santos (hereinafter the "City defendants") submit this memorandum of law in support of their motion for partial judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), on the grounds that plaintiff Francisco Camacho's claims for false arrest, under both state and federal law, must be dismissed since plaintiff pled guilty as a result of his arrest. Accordingly, the defendants respectfully submit that the plaintiff's false arrest claims must be dismissed.

## RULE 12(C) STANDARD FOR DISMISSAL

Rule 12(c) of the Federal Rules of Civil Procedure states "after the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." The standard to be applied to a motion for judgment on the pleadings brought under FRCP 12(c) is the same as a motion to dismiss under FRCP 12(b)(6). In deciding a motion to dismiss under FRCP 12(b)(6), a Court should consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." Samuels v. Air Transportation Local 504, 992 F.2d 12, 15 (2d Cir. 1993); see also International Audiotext Network, Inc. v. AT&T Co., 62 F.3d 69, 72 (2d Cir. 1995) (*per curiam*). For purposes of dismissal, the complaint "is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002) (quoting Int'l Audiotext, 62 F.3d at 72). "Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,'

---

[1] On information and belief, defendants Urena, Ortiz, Thomas, Howell, Chavous, Morselli and Harvey, have yet not been served with process in this matter.

which renders the document 'integral' to the complaint." Chambers, 282 F.3d at 153. (internal citations omitted).

However, "while Conley permits a pleader to enjoy all favorable inferences from facts that have been pleaded, it does not permit conclusory statements to substitute for minimally factual allegations." Electronics Communications Corp. v. Toshiba America Consumer Prods., Inc., 129 F.3d 240, 243 (2d. Cir. 1997). The Court is not required to uphold the validity of a claim supported only by conclusory allegations. Gant v. Wallingford Bd of Education, et al., 69 F.3d 669, 673 (2d Cir. 1995). ("It is well settled in this Circuit that a complaint consisting of nothing more than naked assertions, and setting forth no facts upon which a court could find violation…fails to state a claim under Rule 12(b)(6)."). Id

On a motion for judgment on the pleadings, defendants must show that plaintiff is not entitled to relief under any set of facts that could be proved consistent with the allegations. To survive the motion, plaintiff must show a cognizable claim and allege facts that, if true, would support such a claim. Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997).

**STATEMENT OF FACTS**

On or about October 12, 2006, plaintiff claims that he was arrested by New York City Police Officers.[2] (Complaint annexed to the Declaration of Michael Chestnov (hereinafter "Chestnov Decl."), at Exhibit "A", at ¶ 10; Amended Complaint, annexed to the Chestnov Decl. at Exhibit "D", at ¶ 17). Plaintiff admits that he pled guilty to disorderly conduct on October 27, 2006, as a result of the criminal charges that were brought against him from his October 11, 2006 arrest. (Exhibit A at ¶ 16; Exhibit C, Exhibit D at ¶ 23).

---

[2] Plaintiff was actually arrested on October 11, 2006. (See Certificate of Disposition, annexed to the Chestnov Decl. at Exhibit "C").

# ARGUMENT

## POINT I

**PLAINTIFF'S FALSE ARREST CLAIMS ARE BARRED BECAUSE THERE WAS PROBABLE CAUSE TO ARREST PLAINTIFF AND HIS GUILTY PLEA PREVENTS HIM FROM ARGUING THAT HE WAS ARRESTED IN THE ABSENCE OF PROBABLE CAUSE.**

Plaintiff Francisco Camacho's false arrest claims, brought under both state and federal law, must be dismissed as a matter of law because plaintiff pled guilty to disorderly conduct as a result of his October 11, 2006 arrest. (See Exhibit A at ¶¶ 10, 16; Exhibit C; Exhibit D at ¶¶ 17, 23). The Second Circuit has held that a § 1983 claim for false arrest, resting on the Fourth Amendment right of an individual to be free from unreasonable seizures, including arrest without probable cause, is substantially the same as a claim for false arrest under New York law. See Weyant v. Okst, 101 F.3d 845, 852 (2d. Cir. 1996) (internal citations omitted). In order to state a claim for false arrest, plaintiff must prove all of the following four elements: (1) the defendant intended to confine them; (2) the plaintiff was conscious of the confinement; (3) the plaintiff did not consent to the confinement; and (4) the confinement was not otherwise privileged. Singer v. Fulton County Sheriff, 63 F.3d 110, 118 (2d Cir. 1995); Broughton v. State, 37 N.Y. 2d 451, 456 (1975). For purposes of this motion, even if plaintiff satisfied the first three prongs, his claims for false arrest must nonetheless fail because his confinement was privileged.

The presence of probable cause is a complete defense to an action for false arrest or false imprisonment whether under § 1983 or state law. See Covington v. City of New York, 171 F.3d 117, 122 (2d Cir. 1999); Weyant, 101 F.3d at 852; Singer, 63 F.3d at 118; Morel v. Crimaldi, 683 N.Y.S. 2d 22, 24 (N.Y. App. Div. 1st Dept. 1998). "[T]he existence of probable cause to arrest constitutes justification and 'is a complete defense to an action for false arrest,'

whether that action is brought under state law or under § 1983." Bernard v. United States, 25 F.3d 98, 102 (2d Cir. 1994). Moreover, a plaintiff cannot prevail on a false arrest claim as long as there is probable cause for *any* offense, whether or not plaintiff was actually charged with that offense. Devenpeck v. Alford, 543 U.S. 146, 152-156 (2004); Jaegly v. Couch, 439 F.3d 149, 154 (2d Cir. 2006) ("Following Devenpeck, we conclude here that a claim for false arrest turns only on whether probable cause existed to arrest a defendant, and that it is not relevant whether probable cause existed with respect to each individual charge, or, indeed, any charge actually invoked by the arresting officer at the time of arrest.").

Here, it is undisputed that plaintiff pled guilty to disorderly conduct as a result of his October 11, 2006 arrest. (See Exhibit A at ¶¶ 10, 16; Exhibit C, Exhibit D at ¶¶ 17, 23). Plaintiff's guilty plea to disorderly conduct conclusively establishes that there was probable cause for his arrest. See Weyant, 101 F.3d at 852; Williams v. City of N.Y. Police Dep't, 06 Civ. 6053 (BMC), 2007 U.S. Dist. LEXIS 63455, *2-*3 (E.D.N.Y. Aug. 24, 2007)[3] (plaintiff's plea to disorderly conduct "conclusively establishes that there was probable cause for his arrest")(internal citation omitted); Duamutef v. Morris, 956 F. Supp. 1112, 1117 (S.D.N.Y. 1997)("A prosecution and conviction, if not overturned, is conclusive evidence that an arrest was supported by the requisite probable cause.")(internal citations omitted); see also Broughton, 37 N.Y. 2d at 458 ("a conviction which survives appeal would be conclusive evidence of probable cause"); Osuch v. Gregory, 303 F. Supp. 2d 189, 195 (D. Conn. 2004) (internal citations omitted) ("courts have recognized that a conviction, either after trial or pursuant to a guilty plea, demonstrates probable cause for the arrest and bars a false arrest claim"). This is because:

---

[3] Copies of all electronically published decisions are annexed hereto for the convenience of the Court.

> A plaintiff suing for false arrest must show that the police lacked probable cause to arrest him for any unlawful conduct. By pleading guilty to disorderly conduct, plaintiff necessarily acknowledged that he was engaged in some unlawful activity for which the police could properly take him into custody.

Sealey v. Fishkin, 96 CV 6303 (RR), 1998 U.S. Dist. LEXIS 20142, at *12 (E.D.N.Y. Dec. 2, 1998); see also Grullon v. Reid, 97 Civ. 7616 (RWS), 1999 U.S. Dist. LEXIS 9407, at *21 (S.D.N.Y. June 21, 1999) ("By pleading guilty . . . [plaintiff] not only admitted his guilt but also conceded the lawfulness of his arrest . . .") (internal citations omitted), aff'd Grullon v. United States, 22 Fed. Appx. 70 (2d Cir. 2001). Moreover, it is widely held that a guilty plea acts as a conviction and will bar Section 1983 claims that would imply the invalidity of that conviction. See Hernandez v. City of New York, 00 Civ. 9507 (RWS), 2004 U.S. Dist. LEXIS 23365, at *15 (S.D.N.Y. Nov. 18, 2004) (guilty plea bars claims for false arrest); Spies v. Brown, 98 Civ. 4708 (NG), 2002 U.S. Dist. LEXIS 4903, at *4 (E.D.N.Y. Mar. 13, 2002) (guilty plea bars claims for false arrest, false imprisonment and malicious prosecution).

In addition, "[i]t is well-established that a defendant who pleads guilty waives any challenge to the constitutionality of his arrest, interrogation, search and prosecution." Houston v. New York State Troopers, 96 Civ. 1587 (DAB), 1997 U.S. Dist. LEXIS 15999, at *5-*6 (S.D.N.Y. Oct. 10, 1997)(internal citations omitted); see also Osuch, 303 F. Supp. 2d at 195 ("if a criminal defendant admits his guilt to the offense charged, he cannot thereafter challenge to the events preceding that plea.") (citing United States v. Gregg, 01 Cr. 501 (LAP), 2002 U.S. Dist. LEXIS 14475, at *6 (S.D.N.Y. Aug. 5, 2002)); Rossi v. New York City Police Dep't., 94 Civ. 5113 (JFK), 1998 U.S. Dist. LEXIS 1717, at *14 (S.D.N.Y. Feb. 17, 1998) ("'A guilty plea 'disposes of any issue pertaining to the constitutionality of plaintiff's arrest, interrogation, search and prosecution.'") (internal citations omitted). This is because "[a] guilty plea is not just an

6

admission of unlawful conduct, it is a waiver of all the constitutional rights embodied in the right to a jury trial." Berman v. Turecki, 885 F. Supp. 528, 533 (S.D.N.Y. 1995) aff'd 1996 U.S. App. LEXIS 3026 (2d Cir. Jan. 19, 1996) (internal citations omitted); cf. United States v. Arango, 966 F.2d 64, 66 (2d Cir. 1992) (by pleading guilty, plaintiff waived his right to challenge the constitutionality of a search) (citing Tollett v. Henderson, 411 U.S. 258, 267 (1973)) (other citations omitted). Thus, the doctrine of collateral estoppel bars plaintiff from arguing that there was not probable cause for his arrest, since that issue was actually and necessarily decided by his guilty plea. Rossi, 1998 U.S. Dist. LEXIS 1717, at *14 ("by pleading guilty, Plaintiff is barred by the doctrine of collateral estoppel from relitigating the issue of probable cause to arrest."); Berman, 885 F. Supp. at 533 (plaintiff "had the opportunity to litigate the claim that his arrest . . . [was] not supported by probable cause, but he chose not to do so. His guilty plea requires estoppel, in favor of [defendants], in a subsequent civil proceeding as to those matters determined by the judgment in the criminal case.").

As plaintiff's guilty plea to disorderly conduct both conclusively establishes probable cause for this offense and prevents plaintiff from re-litigating the issue of probable cause, any false arrest claim must fail under both state and federal law.[4]

---

[4] While plaintiffs' counsel has suggested that plaintiff Francisco Camacho has also asserted a claim for malicious prosecution as a result of his October 11, 2006 arrest and subsequent prosecution, a close reading of the amended complaint reveals no such claim. (See Exhibit D). In any event, even assuming, *arguendo*, that plaintiff had pled a claim of malicious prosecution, any such claim must be dismissed, since the charges brought against plaintiff did not terminate in his favor. See, e.g., Rothstein v. Carriere, 373 F.3d 275, 286 (2d Cir. 2004) ("A termination is not favorable to the accused . . . if the charge is withdrawn or the prosecution abandoned pursuant to a compromise with the accused.")(quoting Smith-Hunter v. Harvey, 95 N.Y.2d 191, 196 (2000)); Williams, 2007 U.S. Dist. LEXIS 63455, at *3 (no favorable termination where charges dismissed as a result of a plea bargain with prosecutor); Coakley v. MacPherson, 49 F. Supp. 2d 615, 621-23 (S.D.N.Y. 1999) aff'd 234 F.3d 1261 (2d Cir. 2000) (same).

## POINT II

### ALL CLAIMS AGAINST DEFENDANTS BARTEK AND HENNIG SHOULD BE DISMISSED.

As there are no allegations that defendants Hennig and Bartek had any personal involvement in any allegedly excessive use of force or deliberate indifference to medical needs (see Exhibit D), the City defendants respectfully contend that the all allegations against these defendants should be dismissed.  See, e.g., Sealey v. Giltner, 116 F.3d 47, 51 (2d Cir. 1997) (defendants must have personal involvement in order for there to be § 1983 liability); see also Alfaro Motors, Inc.v. Ward, 814 F.2d 883, 886 (2d Cir. 1987) (where a complaint is entirely devoid of any allegations of personal involvement by defendants named in the caption, the complaint is "fatally defective on its face.").

**CONCLUSION**

For the foregoing reasons, the defendants respectfully request that the Court grant their motion for partial judgment on the pleadings, with prejudice, together with such costs, fees and other and further relief as the Court deems just and proper.

Dated:   New York, New York
         November 30, 2007

                              MICHAEL A. CARDOZO
                              Corporation Counsel of the
                              City of New York
                              Attorney for Defendants City of New York, Bartek,
                              Hennig and Santos
                              100 Church Street, Room 3-143
                              New York, New York 10007
                              (212) 788-0991

By:   /s _____
       Michael Chestnov
       Assistant Corporation Counsel
       Special Federal Litigation Division

Docket No. 07 Civ. 5581 (SHS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRANCISCO CAMACHO and
EVELYN CAMACHO,

                              Plaintiffs,

                -against-

CITY OF NEW YORK, et al,

                              Defendants.

**DEFENDANTS CITY OF NEW YORK, BARTEK, HENNIG AND SANTOS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
   *Attorney for Defendants*
   *100 Church Street*
   *New York, N.Y.  10007*

   Of Counsel: Michael Chestnov
   Tel:  (212) 788-0991
   NYCLIS No.

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ........................................................................................... 1

RULE 12(C) STANDARD FOR DISMISSAL ..................................................................... 2

STATEMENT OF FACTS .................................................................................................... 3

ARGUMENT

    POINT I

        PLAINTIFF'S FALSE ARREST CLAIMS ARE BARRED BECAUSE THERE WAS PROBABLE CAUSE TO ARREST PLAINTIFF AND HIS GUILTY PLEA PREVENTS HIM FROM ARGUING THAT HE WAS ARRESTED IN THE ABSENCE OF PROBABLE CAUSE. ...................................................... 4

    POINT II

        ALL CLAIMS AGAINST DEFENDANTS BARTEK AND HENNIG SHOULD BE DISMISSED. ........................................................................................ 8

CONCLUSION ....................................................................................................................... 9

**TABLE OF AUTHORITIES**

**Cases**                                                                                                                              **Pages**

Alfaro Motors, Inc.v. Ward,
   814 F.2d 883 (2d Cir. 1987)..................................................................................................8

Berman v. Turecki,
   885 F. Supp. 528 (S.D.N.Y. 1995)
   aff'd 1996 U.S. App. LEXIS 3026 (2d Cir. Jan. 19, 1996) ...................................................7

Bernard v. United States,
   25 F.3d 98 (2d Cir. 1994) ......................................................................................................5

Boddie v. Schnieder,
   105 F.3d 857 (2d Cir. 1997)...................................................................................................3

Broughton v. State,
   37 N.Y.2d 451 (1975) .......................................................................................................4, 5

Chambers v. Time Warner, Inc.,
   282 F.3d 147 (2d Cir. 2002)...................................................................................................2

Coakley v. MacPherson,
   49 F. Supp. 2d 615 (S.D.N.Y. 1999)
   aff'd 234 F.3d 1261 (2d Cir. 2000).........................................................................................7

Covington v. City of New York,
   171 F.3d 117 (2d Cir. 1999)...................................................................................................4

Devenpeck v. Alford,
   543 U.S. 146 (2004)...............................................................................................................5

Duamutef v. Morris,
   956 F. Supp. 1112 (S.D.N.Y. 1997).......................................................................................5

Electronics Communications Corp. v. Toshiba America Consumer Prods., Inc.,
   129 F.3d 240 (2d. Cir. 1997)..................................................................................................2

Gant v. Wallingford Bd of Education, et al.,
   69 F.3d 669 (2d Cir. 1995).....................................................................................................2

Grullon v. Reid,
   97 Civ. 7616 (RWS), 1999 U.S. Dist. LEXIS 9407 (S.D.N.Y. June 21, 1999),
   aff'd, Grullon v. United States, 22 Fed. Appx. 70 (2d Cir. 2001) ..........................................6

**Cases**                                                                                                                 **Page**

Hernandez v. City of New York,
    00 Civ. 9507 (RWS), 2004 U.S. Dist. LEXIS 23365
    (S.D.N.Y. Nov. 18, 2004) ................................................................................................6

Houston v. New York State Troopers,
    96 Civ. 1587 (DAB), 1997 U.S. Dist. LEXIS 15999 (S.D.N.Y. Oct. 10, 1997) .......................6

International Audiotext Network, Inc. v. AT&T Co.,
    62 F.3d 69 (2d Cir. 1995) ................................................................................................2

Jaegly v. Couch,
    439 F.3d 149 (2d Cir. 2006)................................................................................................5

Morel v. Crimaldi,
    683 N.Y.S.2d 22 (N.Y. App. Div. 1st Dept. 1998)................................................................4

Osuch v. Gregory,
    303 F. Supp. 2d 189 (D. Conn. 2004)................................................................................5, 6

Rossi v. New York City Police Dep't.,
    94 Civ. 5113 (JFK), 1998 U.S. Dist. LEXIS 1717 (S.D.N.Y. Feb. 17, 1998).......................6, 7

Rothstein v. Carriere,
    373 F.3d 275 (2d Cir. 2004)................................................................................................7

Samuels v. Air Transportation Local 504,
    992 F.2d 12 (2d Cir. 1993)................................................................................................2

Sealey v. Fishkin,
    96 CV 6303 (RR), 1998 U.S. Dist. LEXIS 20142 (E.D.N.Y. Dec. 2, 1998)..............................6

Sealey v. Giltner,
    116 F.3d 47 (2d Cir. 1997)................................................................................................8

Singer v. Fulton County Sheriff,
    63 F.3d 110 (2d Cir. 1995)................................................................................................4

Smith-Hunter v. Harvey,
    95 N.Y.2d 191 (2000) ................................................................................................7

Spies v. Brown,
    98 Civ. 4708 (NG), 2002 U.S. Dist. LEXIS 4903 (E.D.N.Y. Mar. 13, 2002)...........................6

| **Cases** | **Page** |
| --- | --- |

Tollett v. Henderson,
    411 U.S. 258 (1973)..........................................................................................................7

United States v. Arango,
    966 F.2d 64 (2d Cir. 1992)................................................................................................7

United States v. Gregg,
    01 Cr. 501 (LAP), 2002 U.S. Dist. LEXIS 14475 (S.D.N.Y. Aug. 5, 2002)..............................6

Weyant v. Okst,
    101 F.3d 845 (2d. Cir. 1996)........................................................................................4, 5

Williams v. City of N.Y. Police Dep't,
    06 Civ. 6053 (BMC), 2007 U.S. Dist. LEXIS 63455 (E.D.N.Y. Aug. 24, 2007) .................5, 7

**Statutes**

42 U.S.C. § 1983................................................................................................................1, 4

Federal Rule of Civil Procedure 12(b)(6) .....................................................................................2

Federal Rule of Civil Procedure 12(c)......................................................................................1, 2