Docket No. 07 Civ. 5581 (SHS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRANCISCO CAMACHO and
EVELYN CAMACHO,

                    Plaintiffs,

-against-

CITY OF NEW YORK, et al,

                    Defendants.

**DEFENDANTS CITY OF NEW YORK, BARTEK, HENNIG AND SANTOS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

Of Counsel: Michael Chestnov
Tel: (212) 788-0991
NYCLIS No.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

FRANCISCO CAMACHO and
EVELYN CAMACHO,

                                     Plaintiffs,

                                     07 Civ. 5581 (SHS)

                  -against-

THE CITY OF NEW YORK, NEW
YORK CITY, POLICE OFFICER
SANTOS, 83rd precinct,
POLICE OFFICER JOHN
BARTEK shield # 29956,
POLICE OFFICER BLAINE
HENNIG shield # 15888,
POLICE OFFICER ANDY
URENA, shield # 7427,
POLICE OFFICER ABRAHAM
ORTIZ 22342
POLICE OFFICER DWIGHT
THOMAS, shield # 12846
POLICE SERGEANT KEITH
HOWELL, shield # 3772
------------------------------------------------------------------------ x

**CITY DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS.**

**PRELIMINARY STATEMENT**

Previously, in their memorandum of law of November 30, 2007, City of New York, Jose Santos (sued herein as "Police Officer Santos, 83rd Precinct"), John Bartek and Blaine Hennig (hereinafter the "City defendants") argued that plaintiff Francisco Camacho's false arrest claim should be dismissed and that all claims against defendants Hennig and Bartek should also be dismissed.

In his letter opposition, plaintiff failed to show why his guilty plea should not bar his false arrest claim, and made no arguments with respect to defendants Hennig and Bartek. Therefore, the City defendants' motion for partial judgment on the pleadings should be granted in its entirety.

## Statement of Facts

For a complete statement of facts, the City defendants respectfully refer the Court to their Statement of Facts in their moving Memorandum, dated November 30, 2007.

## ARGUMENT

## POINT I

### PLAINTIFF'S GUILTY PLEA ESTABLISHES THAT THERE WAS PROBABLE CAUSE TO ARREST.

**A.    Plaintiff's Guilty Plea was for Conduct Associated With his Underlying Arrest**

In his opposition, plaintiff argues that his guilty plea to disorderly conduct does not establish that there was probable cause to arrest, since "there is no evidence in the record as to when or where plaintiff acted disorderly." (Plaintiff's Opposition at 2-3). While plaintiff is correct that his guilty plea would not bar his false arrest claim if he were pleading guilty to conduct that occurred subsequent to the arrest that is the basis for his false arrest claim, that is not the case here. As an initial matter, it is disingenuous for plaintiff to argue that it is "simply unknowable on this record if the disorderly conduct [that plaintiff pled guilty to] was committed at the scene of the arrest or at any time during plaintiff's two week incarceration." (Plaintiff's Opposition at 3). If anyone knows, or should know, what conduct plaintiff pled guilty to, it is plaintiff himself. The fact that plaintiff, in his opposition, failed to set forth when or where the disorderly conduct to which he pled guilty had occurred, is quite telling. If plaintiff had actually pled guilty to disorderly conduct for an incident unrelated to the arrest that is the subject of his false arrest claim, plaintiff would have readily identified the subsequent or unrelated incident in his opposition.

In any event, the record is clear that plaintiff pled guilty to disorderly conduct as a result of the arrest that is at issue here. (See Complaint, annexed to the Declaration of Michael Chestnov at Exhibit "A", at ¶¶ 10-16; Criminal Court Complaint, annexed to Plaintiff's Opposition at Exhibit "A"; Arraignment Transcript, annexed to Plaintiff's Opposition at Exhibit "C"). The arrest that is the basis for plaintiff's false arrest claim occurred on October 11, 2006

- 3 -

and was prosecuted under docket number 2006KN074858. (Criminal Court Complaint; Arrest Report, annexed to Plaintiff's Opposition at Exhibit "B"). At plaintiff's arraignment on these charges, there is no mention of any incidents that occurred subsequent to plaintiff's arrest.[1] Moreover, if there was any doubt that plaintiff was admitting guilt to conduct that led to his arrest, as opposed to conduct that occurred during an unrelated incident, it is put to rest by plaintiff's criminal defense attorney, who stated at the arraignment: "Judge, *on the instant matter*, my client authorized me to enter a plea of guilty to 240.20 [disorderly conduct] . . . *in full satisfaction of the docket* . . ." (Arraignment Transcript, 3, ¶¶ 1-7) (emphasis added).

Therefore, plaintiff's guilty plea conclusively established that there was probable cause for his arrest. The fact that plaintiff was never charged with disorderly conduct is immaterial. See Devenpeck v. Alford, 543 U.S. 146, 152-156 (2004); Jaegly v. Couch, 439 F.3d 149, 154 (2d Cir. 2006); see also Johnson v. City of New York, CV-01-1860 (SJF); 2004 U.S. Dist. LEXIS 2517 at *2-*4, *11-*12 (E.D.N.Y. January 12, 2004)[2] (guilty plea to disorderly conduct "conclusive evidence" that there was probable cause to arrest, where plaintiff was only arrested for criminal possession of a controlled substance); Williams v. City of N.Y. Police Dep't, 06 Civ. 6053 (BMC), 2007 U.S. Dist. LEXIS 63455, *2-*3 (E.D.N.Y. Aug. 24, 2007)[3] (plaintiff's plea to disorderly conduct "conclusively establishes that there was probable

---

[1] There were two warrants out for plaintiff's arrest at the time he was arrested in this matter. While these warrants were mentioned at his arraignment, the record is clear that plaintiff was not pleading guilty to anything in satisfaction of those warrants, or to any conduct associated with those warrants. (See Arraignment transcript). However, the fact that there were two open warrants for plaintiff's arrest, provides defendants with an additional basis for probable cause.

[2] A copy of this decision is appended hereto.

[3] A copy of this decision is appended to defendants' Memorandum of Law in Support.

- 4 -

cause for his arrest" despite it not being one of the original charges brought against him) (internal citation omitted).

B.       **Plaintiff Knowingly and Voluntarily Pled Guilty to Disorderly Conduct.**

In his opposition, plaintiff attempts to rely upon the case of Unger v. Cohen, 718 F. Supp. 185 (S.D.N.Y. 1989), where the plaintiff in that case argued that his guilty plea should not bar his false arrest claim since his plea was not voluntary. 718 F. Supp. at 187. The Unger court denied defendants' summary judgment motion, holding that there was a dispute of fact as to whether plaintiff knowingly entered a guilty plea, since plaintiff's criminal defense attorney "merely informed the court after the side bar conference that her client intended to plead guilty," and the record did not contain an admission of guilt by plaintiff. 718 F. Supp. at 189-90. Putting aside whether the holding in Unger is still good law,[4] this case is easily distinguishable from the instant matter since there can be no dispute here that plaintiff both voluntarily admitted guilt to disorderly conduct and understood the consequences of doing so. At his arraignment, the judge specifically asked plaintiff if he intended to plead guilty to disorderly conduct and plaintiff replied "yes". (Arraignment transcript, at 3, ¶¶ 10-15). When asked if he had a chance to speak to his lawyer about the case, he responded "yes" and responded "no" when asked if anyone forced him to take the plea. (Id. at 3, ¶ 19 -4, ¶ 2). Moreover, the court further explained to plaintiff that by pleading guilty he was waiving "various" rights, and plaintiff replied "yes" when

---

[4]  Defendants note that the Unger court did not consider whether plaintiff's claim would be barred by collateral estoppel, since the defendants did not make such an argument in that matter. Unger, 718 F. Supp. at 187, n.2 ("This Court, in the past, and courts in other jurisdictions have analyzed the issue in terms of collateral estoppel, rather than in terms of a common law defense, ruling that a conviction, by plea or trial, collaterally estops a plaintiff from relitigating the existence of lack of existence of probable cause, on the theory that his guilt has been conclusively established . . . The Second Circuit did not rule that this approach is inappropriate, but held that in addition to collateral estoppel, a section 1983 defendant may resort to the common law conviction defense for protection . . . Defendant in this action has relied only on the conviction defense.") In the instant action, defendants have also made a collateral estoppel argument. (See Defendants' Memo in Support at 6-7).

- 5 -

asked if he understood that he was waiving these rights. (Id. At 4, ¶¶ 6-12). Therefore, there can be no serious dispute that plaintiff knowingly and voluntarily pled guilty to disorderly conduct.

C.  **Plaintiff's Reliance on *Covington* is Misplaced**

Finally, to the extent plaintiff relies on the Second Circuit's decision in Covington v. City of New York, 171 F.3d 117 (2d Cir. 1999) in his opposition, the City defendants note that this case, which held that, in certain circumstances, the statute of limitations on a false arrest claim does not begin to accrue until after the criminal charges have been terminated in plaintiff's favor, was recently overturned by the Supreme Court's decision in Wallace v. Kato, 127 S. Ct. 1091, 1100, 2007 U.S. LEXIS 2650, at *23 (February 21, 2007). In any event, even if this case had not been overturned, plaintiff's reliance on it is misplaced, as the passage cited by plaintiff merely stands for the proposition that there could be certain situations where a false arrest claim may not necessarily invalidate a criminal conviction. (Plaintiff's Opposition at 4). However, the City defendants have made no such argument here. Instead, the City defendants have argued that plaintiff's guilty plea is conclusive evidence that there was probable cause to arrest, and that the doctrine of collateral estoppel bars him from re-litigating this issue. In any event, as set forth in Point I-A, *supra*, the evidence that plaintiff "acted disorderly" came from plaintiff's admission, through his guilty plea, that he engaged in disorderly conduct at the time of his arrest. Therefore, plaintiff's false arrest claim should be dismissed.

## **CONCLUSION**

Accordingly, for the reasons set forth in the City defendants' Memorandum of Law in Support of their Motion, dated November 30, 2007, and herein, the City defendants respectfully request that the Court grant their motion for partial judgment on the pleadings, with prejudice, together with such costs, fees and other and further relief as the Court deems just and proper.

Dated:   New York, New York
         December 21, 2007

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
Attorney for Defendants City of New York, Santos, Bartek and Hennig
100 Church Street, Room 3-143
New York, New York 10007
(212) 788-0991

By:   /s
      Michael Chestnov
      Assistant Corporation Counsel
      Special Federal Litigation Division

# Appendix

LEXSEE 2004 US DIST LEXIS 2517

**Herman Johnson, Plaintiff, -against- The City of New York; Former Police Commissioner Howard Safir; Former Police Commissioner Bernard Kerik; Police Officer Jose Castellano; Police Officer Sean O'Hara, Police Officer Joseph Tenety, Defendants.**

CV-01-1860 (SJF)(VVP)

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK

2004 U.S. Dist. LEXIS 2517

**January 12, 2004, Decided**

**DISPOSITION:** [*1] Defendants' motion for summary judgment granted. Case dismissed.

**COUNSEL:** For City Of New York, Defendant: Lara Treinis Gatz, LEAD ATTORNEY, Corporation Counsel of the City of NY, Central Islip, NY.

For City Of New York, Defendant: Paul Michael Villanueva, LEAD ATTORNEY, Corporation Counsel of the City of NY, Russell Charles West, Jr., LEAD ATTORNEY, The City of New York Law Department, New York, NY.

**JUDGES:** Sandra J. Feuerstein, United States District Judge.

**OPINION BY:** Sandra J. Feuerstein

**OPINION**

**OPINION & ORDER**

FEUERSTEIN, J.

I. Introduction

*Pro se* plaintiff Herman Johnson ("plaintiff") filed this action pursuant to *42 U.S.C. §§ 1981, 1983, 1985*, alleging false arrest and malicious prosecution in violation of his constitutional rights. Plaintiff also alleges claims of infliction of emotional distress and loss of consortium pursuant to state law. Defendants have moved for summary judgment pursuant to *Rule 56 of the Federal Rules of Civil Procedure*. For the following reasons, the motion is GRANTED.

[*2] II. Background

A. The Complaint

On November 14, 2000, Officer Joseph Tenety ("Tenety") allegedly observed plaintiff driving a vehicle in Queens with an expired inspection sticker. (West Decl., exh. R). A registration check revealed that the vehicle had been reported stolen by the owner. (Id.). Plaintiff was arrested. (Id.). According to plaintiff, he had not been driving the car and was arrested without probable cause. (Id. at exh. V, Amended Compl. at 4, Pl.'s Mem. of Law in Opp'n to Defs.' Mot. for Summ. J. at 5). Plaintiff was indicted on charges, *inter alia*, of grand larceny and possession of stolen property. (West Decl., exh. S). Plaintiff pleaded guilty to grand larceny. (Id. at exh. T).

On March 15, 2001, plaintiff filed suit in the Southern District of New York. (West Decl., exh. A). The case was transferred to the Eastern District of New York and filed on March 27, 2001. (Id.).

B. The Amended Complaint

On September 13, 2002, plaintiff filed an amended complaint adding allegations of false arrest and malicious prosecution stemming from arrests in September 1998 and July 2000.

1. The September 1998 Arrest

On September 14, 1998, Officer Jose [*3] Castellanos ("Castellanos") allegedly observed plaintiff conversing with individuals on St. John's Place in Brooklyn and escorting them to a seller of narcotics. (West Decl., exh. K). Castellanos arrested plaintiff and other participants in an alleged drug sale. (Id. at exhs. G, K). Plaintiff argues that he did not know the other arrested individu-

als, and was simply waiting outside his sister's St. John's Place residence when the police searched and arrested him. (Amended Compl. at 4, Pl.'s Mem. of Law in Opp'n to Defs.' Mot. for Summ. J. at 5). Plaintiff was charged with criminal facilitation and loitering. (West Decl., exh. I). On September 15, 1998, the case was adjourned in contemplation of dismissal. (Id. at exh. J).

2. The July 2000 Arrest

On July 22, 2000, plaintiff and another individual were sitting in a car parked along Lakeside Boulevard near 118th Road in Queens. According to defendants, as Detective Sean O'Hara ("O'Hara") parked his car alongside, he saw a crack pipe in plain view on the dashboard of plaintiff's vehicle. (West Decl., exh. O). Plaintiff claims that the crack pipe was not in plain view, but instead was seized from his friend after they were searched [*4] without probable cause. (Amended Compl. at 4, Pl.'s Mem. of Law in Opp'n to Defs.' Mot. for Summ. J. at 5). Plaintiff was arrested for criminal possession of a controlled substance. He pleaded guilty to disorderly conduct on July 23, 2000. (West Decl., exh. N).

III. Analysis

A. Statute of Limitations

Defendants claim that plaintiff's false arrest claim regarding the September 15, 1998 arrest is untimely. The statute of limitations for New York-based *§ 1983* claims is three years. See *Owens v. Okure, 488 U.S. 235, 239, 109 S. Ct. 573, 102 L. Ed. 2d 594 (1989)*. A false arrest claim accrues at the time of the arrest, unless a conviction is dependent upon the evidence resulting from the allegedly false arrest. See *Covington v. City of New York, 171 F.3d 117, 119 (2d Cir. 1999)*.

Plaintiff has failed to allege any facts to support an inference that a potential conviction was dependent upon evidence resulting from the September 1998 arrest. Accordingly, his false arrest claim did not accrue on the date of the dismissal of the charges, but rather on the date of the arrest, September 14, 1998. Since the claim regarding that arrest was first raised in [*5] the amended complaint, filed on September 13, 2002, it is untimely and dismissed.

B. Summary Judgment

1. Standard of Review

Summary judgment should not be granted unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Fed. R. Civ. P. 56(c)*. A fact is material "if it might affect the outcome of the suit under the governing law." *Holtz v. Rockefeller & Co., 258 F.3d 62, 69 (2d Cir. 2001)*. An issue of fact is genuine only if a jury could reasonably find in favor of the nonmoving party based on that fact. See id. The moving party bears the initial burden of establishing the absence of any genuine issue of material fact, after which the burden shifts to the nonmoving party to establish the existence of a factual question that must be resolved at trial. See *Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986)*. The trial court is required to construe the evidence in the light [*6] most favorable to the nonmoving party, and draw all reasonable inferences in its favor. See *id. at 252*; *Cifarelli v. Vill. of Babylon, 93 F.3d 47, 51 (2d Cir. 1996)*.

A *pro se* plaintiff's submissions are held to less stringent standards than formal pleadings drafted by attorneys. See *Hughes v. Rowe, 449 U.S. 5, 9, 66 L. Ed. 2d 163, 101 S. Ct. 173 (1980)* (per curiam). Indeed, a court must "read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" *McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999)* (quoting *Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994))*. Nonetheless, a *pro se* plaintiff is not exempt from compliance with relevant rules of procedural and substantive law. See *Traguth v. Zuck, 710 F.2d 90, 92 (2d Cir. 1983)*.

a. Plaintiff's *§ 1981* Claim

To state a claim under *42 U.S.C. § 1981*, a plaintiff must allege: (1) membership in a racial minority; (2) an intent by the defendant to discriminate on the basis of race; and (3) discrimination concerning at least one of activities [*7] enumerated in the statute. See *Mian v. Donald, Lufkin & Jenrette Sec. Corp., 7 F.3d 1085, 1087 (2d Cir. 1993)*. The "equal benefit of all laws and proceedings for the security of persons" is an enumerated protection of *§ 1981. 42 U.S.C. § 1981(a)(2000)*.

Naked assertions of racial discrimination are insufficient to state a cause of action. See *Yusuf v. Vassar College, 35 F.3d 709, 713 (2d Cir. 1994)*. A complaint must "specifically allege the events claimed to constitute intentional discrimination as well as circumstances giving rise to a plausible inference of racially discriminatory intent." *Id.* Additionally, complaints must "allege that similarly situated person have been treated differently." *Gagliardi v. Village of Pawling, 18 F.3d 188, 193 (2d Cir. 1994)*.

Plaintiff alleges that he was "targeted only because of the color of the skin, and race namely African American and/or latino [sic] depriving [him] of the full and equal benefit of the law accorded to white persons ...." (Amended Compl. at 2-3). While plaintiff claims that he was denied benefits granted to Caucasians, he fails to

specifically allege **[*8]** that any similarly situated non-African Americans were treated differently by defendants. There is no allegation that non-African Americans participating in the same activities as plaintiff were treated more favorably. Thus, plaintiff's *§ 1981* claim is dismissed.

   b. Plaintiff's *§ 1983* Claims

To state a claim under *42 U.S.C. § 1983*, a plaintiff must show that: (1) the defendants acted under "color of state law"; and (2) their conduct or actions deprived the plaintiff of a right, privilege, or immunity guaranteed by the Constitution or laws of the United States. See *Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)*. "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993)*. Plaintiff's *pro se* complaint raises two constitutional claims against the City of New York as well as former and current members of the Police Department: (1) a *Fourth Amendment* false arrest/false imprisonment claim, see *Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996)* ("A *§ 1983* claim for false **[*9]** arrest rest[s] on the *Fourth Amendment* right of an individual to be free from unreasonable seizures, including arrest without probable cause ...."); and (2) a *Fourteenth Amendment* malicious prosecution claim. See *Cook v. Sheldon, 41 F.3d 73, 79 (2d Cir. 1994)* ("*Section 1983* liability may also be anchored in a claim for malicious prosecution, as this tort typically implicates constitutional rights secured by the *fourteenth amendment*, such as deprivation of liberty.") (internal citation omitted).

   i. False Arrest / False Imprisonment

A *section 1983* claim of false arrest is substantially similar to a claim for false arrest under New York law. See *Weyant, 101 F.3d at 852*. Under New York law, a plaintiff claiming false arrest must show: (1) the defendant intended to confine the plaintiff; (2) the plaintiff was conscious of the confinement; (3) the plaintiff did not consent to the confinement; and (4) the confinement was not otherwise privileged. See *Savino v. City of New York, 331 F.3d 63, 75 (2d Cir. 2003)*.

If an arrest was made without a warrant, there is a presumption of illegality, which may be overcome by proving the affirmative **[*10]** defense of the existence of probable cause. See *Curry v. Syracuse, 316 F.3d 324, 335 (2d Cir. 2003)*; *Wilder v. Vill. of Amityville, 288 F. Supp. 2d 341 (E.D.N.Y. 2003)*. If there is no factual dispute regarding pertinent events or the officers' knowledge, the existence of probable cause is a legal question that the Court may decide. See *Wilder, 288 F. Supp. 2d 341, 2003 U.S. Dist. LEXIS 19297*. Probable cause exists when the arresting officer has "knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrest has committed or is committing a crime." *Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996)*. An arrest's validity is not dependent upon a finding that the arrested person is guilty. See *Pierson v. Ray, 386 U.S. 547, 555, 18 L. Ed. 2d 288, 87 S. Ct. 1213 (1967)*. Instead, probable cause may exist even if the officer is acting upon mistaken or false information, provided that the officer reasonably relied upon the source of the information. See *Bernard v. United States, 25 F.3d 98, 102 (2d Cir. 1994)*. **[*11]**

A valid prosecution resulting in conviction is conclusive evidence that probable cause existed for an arrest, see *Cameron v. Fogarty, 806 F.2d 380, 387 (2d Cir. 1986)* ("The common-law rule, equally applicable to actions asserting false arrest, false imprisonment, or malicious prosecution, ... is that the plaintiff can under no circumstances recover if he was convicted of the offense for which he was arrested."), even if the conviction is the result of a plea of guilty to a lesser charge than that for which plaintiff was arrested. See *Sealey v. Fishkin, 1998 U.S. Dist. LEXIS 20142, No. 96-6303, 1998 WL 1021470, at *4 (E.D.N.Y. Dec. 2, 1998); Butron v. County of Queens Police Dep't 110 Precinct, 1996 U.S. Dist. LEXIS 19188, No. 94-2675, 1996 WL 738525, at *2 (E.D.N.Y. Dec. 23, 1996); Roundtree v. New York, 778 F. Supp. 614, 618 (E.D.N.Y. 1991)*. As a result of his arrest on July 22, 2000 for criminal possession of a controlled substance, plaintiff pleaded guilty to disorderly conduct. (West Decl., exh. N). Plaintiff also pleaded guilty to grand larceny charges stemming from the arrest of November 14, 2000. (Id. at exh. T). As these convictions establish that probable cause **[*12]** existed, plaintiff's claims for false arrest must fail.

   ii. Malicious Prosecution

To state a cause of action for malicious prosecution, plaintiff must allege a favorable disposition. See *Collins v. Greenberg, 32 Fed. Appx. 3, 2002 U.S. App. LEXIS 2839, at ** 3-4 (2d Cir. 2002)*; see also *Heck v. Humphrey, 512 U.S. 477, 487, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994)* (holding that in a *§ 1983* claim for malicious prosecution, a plaintiff must allege favorable disposition of the charges). As a result of his September 14, 1998 arrest, plaintiff accepted an adjournment in contemplation of dismissal and he pleaded guilty to disorderly conduct and grand larceny as a result of the arrests of 2000. Neither is a favorable disposition for purposes of a malicious prosecution claim. See *Murphy v. Lynn, 118 F.3d 938, 949 (2d Cir. 1997)*; *Nance v. N.Y. City Police Dep't, No. 01-424, 2003 U.S. Dist. LEXIS 6848, at *5 (E.D.N.Y. Apr. 24, 2003)*.

   c. Plaintiff's *§ 1985* claims

Case 1:07-cv-05581-SHS   Document 32   Filed 12/21/2007   Page 13 of 13

Page 4
2004 U.S. Dist. LEXIS 2517, *

To establish a conspiracy claim under *§ 1985*, a plaintiff must prove: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any **[*13]** person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the law; (3) an act in furtherance of the conspiracy; and (4) whereby a person is either injured in his person or property or deprived of a constitutional right. See *Bhd. of Carpenters v. Scott, 463 U.S. 825, 829-30, 103 S. Ct. 3352, 77 L. Ed. 2d 1049 (1983)*; *Carson v. Lewis, 35 F. Supp. 2d 250, 270 (E.D.N.Y. 1999)*. "In the context of a *§ 1983* claim, a civil conspiracy is a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, where those persons agree to inflict an injury upon another and where there is an overt act resulting in damages." *Carson, 35 F. Supp. 2d at 271* (internal citation omitted).

Under the "intracorporate conspiracy" doctrine, the officers, agents, and employees of a single corporate entity, each acting within the scope of their employment, are legally incapable of conspiring together. See *Girard v. 94th St. & Fifth Ave. Corp., 530 F.2d 66, 71-72 (2d Cir. 1976)*; *Salgado v. City of New York, No. 00-3667, 2001 U.S. Dist. LEXIS 3196, at *23 (S.D.N.Y. Mar. 26, 2001)* **[*14]**. However, the "personal stake" exception to this doctrine allows a *§ 1985* claim if there are individuals who are "motivated by an independent personal stake in achieving the corporation's objective." *Id. at 72*. Plaintiff does not claim that each defendant possessed an independent personal purpose, but rather that the individuals were "motivated by racial animus." (Amended Compl. at 2-3). The presence of individual bias is insufficient without an allegation of a personal stake. See *Johnson, M.D. v. Nyack Hosp., 954 F. Supp. 717, 723 (S.D.N.Y. 1997)* (stating that "if personal racial bias were sufficient to defeat the intraenterprise conspiracy doctrine, the exception would swallow the rule"). Since all of the individual defendants actions occurred while they were officers, agents, or employees of the City of New York, plaintiff's *§ 1985* claim is barred under the intracorporate conspiracy doctrine.

Even if the intracorporate conspiracy doctrine is inapplicable, the only details provided by plaintiff are conclusory statements regarding the motivation behind his arrests. Conclusory allegations of the defendants' alleged participation **[*15]** in a conspiracy are insufficient to support a *§ 1985* claim. See *X-Men Security, Inc. v. Pataki, 196 F.3d 56, 71 (2d Cir. 2000)*; *Salgado v. City of New York, No. 00-3667, 2001 U.S. Dist. LEXIS 3196, at *23 (S.D.N.Y. Mar. 26, 2001)*. Plaintiff states that defendants "directly and explicitly conspired to deprive the plaintiffs of equal protection, equal privileges, and equal rights ...." (Amended Compl. at 3). However, plaintiff fails to allege specific facts to support an inference that the defendants conspired to deprive him of his civil rights. For these reasons, plaintiff's *§ 1985* claim is dismissed.

2. Plaintiff's State Law Claims

Plaintiff's amended complaint also claims that he has suffered emotional distress and loss of consortium. The Court has carefully considered these claims and found them to be without merit.

IV Conclusion

For the foregoing reasons, summary judgment is GRANTED in defendants' favor and this case is dismissed in its entirety. The Clerk of Court is directed to close this case.

IT IS SO ORDERED

Sandra J. Feuerstein

United States District Judge

Dated: **[*16]** January 12, 2004

Brooklyn, New York