UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

FRANCISCO CAMACHO and
EVELYN CAMACHO,

                                                               Plaintiffs,

-against-

THE CITY OF NEW YORK, NEW YORK CITY,
POLICE OFFICER SANTOS, 83rd precinct,
POLICE OFFICER JOHN BARTEK shield # 29956,
POLICE OFFICER BLAINE HENNIG shield # 15888,
POLICE OFFICER ANDY URENA, shield # 7427,
POLICE OFFICER ABRAHAM ORTIZ 22342
POLICE OFFICER DWIGHT THOMAS, shield # 12846
POLICE SERGEANT KEITH HOWELL, shield # 3772
POLICE OFFICER GREGORY CHAVOUS, shield # 6660
POLICE OFFICER LOUIS MORSELLI, shield # 28587
POLICE OFFICER MICHAEL HARVEY, shield # 1830
POLICE OFFICERS JOHN/JANE DOE(S) #'s 1-5,

                                                               Defendants.

------------------------------------------------------------------------- x

**ANSWER TO THE AMENDED COMPLAINT ON BEHALF OF DEFENDANT HOWELL**

Jury Trial Demanded

07 Civ. 5581 (SHS)

        Defendant Keith Howell[1], by his attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for his answer to the amended complaint, respectfully alleges, upon information and belief, as follows:

        1.    Denies the allegations set forth in paragraph "1" of the amended complaint, except admits that plaintiffs purport to proceed as stated therein, and denies

---

[1] Defendants City of New York, Santos, Hennig and Bartek previously interposed an answer to the amended complaint on November 30, 2007 and defendants Dwight Thomas, Gregory Chavous and Louis Morselli previously interposed an answer to the amended complaint on January 22, 2008. On information and belief, defendants Urena, Ortiz and Harvey have not yet been served with process in this matter.

knowledge or information sufficient to form a belief as to the truth of the allegations concerning the length of plaintiff Francisco Camacho's detention.

      2.     Denies the allegations set forth in paragraph "2" of the amended complaint, except admits that plaintiffs purport to invoke the jurisdiction of this Court as stated therein.

      3.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the amended complaint.

      4.     Denies the allegations set forth in paragraph "4" of the amended complaint, except admits that the City of New York is a municipal corporation duly organized and operating under the laws of the State of New York and that the City of New York maintains a police department.

      5.     Denies the allegations set forth in paragraph "5" of the amended complaint, except admits that John Bartek is employed by the City of New York as a police officer and states that the allegations that defendant Bartek acted "within the scope of his employment" and "under color of state and local law" are conclusions of law, rather than averments of fact, to which no response is required.

      6.     Denies the allegations set forth in paragraph "6" of the amended complaint, except admits that Jose Santos is employed by the City of New York as a police officer and states that the allegations that defendant Santos acted "within the scope of his employment" and "under color of state and local law" are conclusions of law, rather than averments of fact, to which no response is required.

      7.     Denies the allegations set forth in paragraph "7" of the amended complaint, except admits that Blaine Hennig is employed by the City of New York as a police officer and states that the allegations that defendant Hennig acted "within the scope of his

employment" and "under color of state and local law" are conclusions of law, rather than averments of fact, to which no response is required.

      8. Denies the allegations set forth in paragraph "8" of the amended complaint, except admits that Andy Urena was employed by the City of New York as a police officer and states that the allegations that defendant Urena acted "within the scope of his employment" and "under color of state and local law" are conclusions of law, rather than averments of fact, to which no response is required.

      9. Denies the allegations set forth in paragraph "9" of the amended complaint, except admits that Abraham Ortiz was employed by the City of New York as a police officer and states that the allegations that defendant Ortiz acted "within the scope of his employment" and "under color of state and local law" are conclusions of law, rather than averments of fact, to which no response is required.

      10. Denies the allegations set forth in paragraph "10" of the amended complaint, except admits that Dwight Thomas is employed by the City of New York as a police officer and states that the allegations that defendant Thomas acted "within the scope of his employment" and "under color of state and local law" are conclusions of law, rather than averments of fact, to which no response is required.

      11. Denies the allegations set forth in paragraph "11" of the amended complaint, except admits that Keith Howell is employed by the City of New York as a police sergeant and states that the allegations that defendant Howell acted "within the scope of his employment" and "under color of state and local law" are conclusions of law, rather than averments of fact, to which no response is required.

      12. Denies the allegations set forth in paragraph "12" of the amended complaint, except admits that Gregory Chavous is employed by the City of New York as a police officer

and states that the allegations that defendant Chavous acted "within the scope of his employment" and "under color of state and local law" are conclusions of law, rather than averments of fact, to which no response is required.

13. Denies the allegations set forth in paragraph "13" of the amended complaint, except admits that Louis Morselli is employed by the City of New York as a police officer and states that the allegations that defendant Morselli acted "within the scope of his employment" and "under color of states and local law" are conclusions of law, rather than averments of fact, to which no response is required.

14. Denies the allegations set forth in paragraph "14" of the amended complaint, except admits that Michael Harvey is employed by the City of New York as a police officer and states that the allegations that defendant Harvey acted "within the scope of his employment" and "under color of state and local law" are conclusions of law, rather than averments of fact, to which no response is required.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the amended complaint.

16. Denies the allegations set forth in paragraph "16" of the amended complaint, except admits that the City of New York maintains a police department.

17. Denies the allegations set forth in paragraph "17" of the amended complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the amended complaint.

19. Denies the allegations set forth in paragraph "19" of the amended complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning whether plaintiff had a seizure.

20. Denies the allegations set forth in paragraph "20" of the amended complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's medical condition.

21. Denies the allegations set forth in paragraph "21" of amended complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the amended complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the amended complaint, except admits that plaintiff purports to have pled guilty to disorderly conduct.

24. Denies the allegations set forth in paragraph "24" of the amended complaint, except admits that a document purporting to be a Notice of Claim was received by the Comptroller's Office of the City of New York on or about December 13, 2006, and respectfully refers the Court to the document referenced therein for a statement of its contents.

25. Denies the allegations set forth in paragraph "25" of the amended complaint, except admits that a document purporting to be a Notice of Claim was received by the Comptroller's Office of the City of New York on or about December 21, 2006, and respectfully refers the Court to the document referenced therein for a statement of its contents.

26. Denies the allegations set forth in paragraph "26" of the amended complaint.

27. Denies the allegations set forth in paragraph "27" of the amended complaint.

28. In response to the allegations set forth in paragraph "28" of the amended complaint, defendant repeats and realleges paragraphs "1" through "27" of this answer as if fully set forth herein.

29. Denies the allegations set forth in paragraph "29" of the amended complaint.

30. Denies the allegations set forth in paragraph "30" of the amended complaint.

31. Denies the allegations set forth in paragraph "31" of the amended complaint.

32. Denies the allegations set forth in paragraph "32" of the amended complaint.

33. Denies the allegations set forth in paragraph "33" of the amended complaint.

34. Denies the allegations set forth in paragraph "34" of the amended complaint.

35. Denies the allegations set forth in paragraph "35" of the amended complaint.

36. In response to the allegations set forth in paragraph "36" of the amended complaint, defendant repeats and realleges paragraphs "1" through "35" of this answer as if fully set forth herein.

37. Denies the allegations set forth in paragraph "37" of the amended complaint.

38. Admits the allegations set forth in paragraph "38" of the amended complaint.

39. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the amended complaint.

40. Denies the allegations set forth in paragraph "33" of the amended complaint.

41. Denies the allegations set forth in paragraph "41" of the amended complaint.

42. Denies the allegations set forth in paragraph "42" of the amended complaint.

43. In response to the allegations set forth in paragraph "43" of the amended complaint, defendant repeats and realleges paragraphs "1" through "42" of this answer as if fully set forth herein.

44. Denies the allegations set forth in paragraph "44" of the amended complaint.

45. Denies the allegations set forth in paragraph "45" of the amended complaint, including the presumption that excessive force was used.

46. Denies the allegations set forth in paragraph "46" of the amended complaint.

47. Admits the allegations set forth in paragraph "47" of the amended complaint, except denies that excessive force was used and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning whether plaintiff had an epileptic seizure.

48. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "48" of the amended complaint.

49. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "49" of the amended complaint.

50. Denies the allegations set forth in paragraph "50" of the amended complaint.

51. Denies the allegations set forth in paragraph "51" of the amended complaint.

52. Denies the allegations set forth in paragraph "52" of the amended complaint.

53. Denies the allegations set forth in paragraph "53" of the amended complaint.

54. Denies the allegations set forth in paragraph "54" of the amended complaint.

55. Denies the allegations set forth in paragraph "55" of the amended complaint.

56. Denies the allegations set forth in paragraph "56" of the amended complaint.

57. Denies the allegations set forth in paragraph "57" of the amended complaint.

58. In response to the allegations set forth in paragraph "58" of the amended complaint, defendant repeats and realleges paragraphs "1" through "57" of this answer as if fully set forth herein.

59. Denies the allegations set forth in paragraph "59" of the amended complaint.

60. Denies the allegations set forth in paragraph "60" of the amended complaint, including the presumption that excessive force was used.

61. Denies the allegations set forth in paragraph "61" of the amended complaint, including the presumption that excessive force was used.

62. Admits the allegations set forth in paragraph "62" of the amended complaint, except denies that excessive force was used and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning whether plaintiff had an epileptic seizure.

63. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "63" of the amended complaint.

64. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "64" of the amended complaint.

65. Denies the allegations set forth in paragraph "65" of the amended complaint.

66. Denies the allegations set forth in paragraph "66" of the amended complaint.

67. Denies the allegations set forth in paragraph "67" of the amended complaint.

68. In response to the allegations set forth in paragraph "68" of the amended complaint, defendant repeats and realleges paragraphs "1" through "67" of this answer as if fully set forth herein.

69. Denies the allegations set forth in paragraph "69" of the amended complaint.

70. Denies the allegations set forth in paragraph "70" of the amended complaint.

71. Denies the allegations set forth in paragraph "71" of the amended complaint.

72. Denies the allegations set forth in paragraph "72" of the amended complaint.

73. In response to the allegations set forth in paragraph "73" of the amended complaint, defendant repeats and realleges paragraphs "1" through "72" of this answer as if fully set forth herein.

74. Paragraph "74" of the amended complaint sets forth conclusions of law, rather than averments of fact, and accordingly no response is required.

75. Paragraph "75" of the amended complaint sets forth conclusions of law, rather than averments of fact, and accordingly no response is required.

76. Paragraph "76" of the amended complaint sets forth conclusions of law, rather than averments of fact, and accordingly no response is required.

77. Denies the allegations set forth in paragraph "77" of the amended complaint.

78. Denies the allegations set forth in paragraph "78" of the amended complaint.

79. In response to the allegations set forth in paragraph "79" of the amended complaint, defendant repeats and realleges paragraphs "1" through "78" of this answer as if fully set forth herein.

80. Denies the allegations set forth in paragraph "80" of the amended complaint.

81. Denies the allegations set forth in paragraph "81" of the amended complaint, except admits that plaintiff Evelyn Camacho purports to proceed as stated therein.

82. Denies the allegations set forth in paragraph "82" of the amended complaint.

83. In response to the allegations set forth in paragraph "83" of the amended complaint, defendant repeats and realleges paragraphs "1" through "82" of this answer as if fully set forth herein.

84. Denies the allegations set forth in paragraph "84" of the amended complaint.

85. Denies the allegations set forth in paragraph "85" of the amended complaint, including the presumption that plaintiff Francisco Camacho was denied proper medical treatment.

86. Denies the allegations set forth in paragraph "86" of the amended complaint.

87. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "80" of the amended complaint.

88. Denies the allegations set forth in paragraph "87" of the amended complaint.

89. Denies the allegations set forth in paragraph "88" of the amended complaint.

90. Denies the allegations set forth in paragraph "89" of the amended complaint.

91. Denies the allegations set forth in paragraph "90" of the amended complaint.

92. Denies the allegations set forth in paragraph "91" of the amended complaint.

93. Denies the allegations set forth in paragraph "92" of the amended complaint.

94. Denies the allegations set forth in paragraph "93" of the amended complaint.

95. Denies the allegations set forth in paragraph "94" of the amended complaint.

96. Denies the allegations set forth in paragraph "95" of the amended complaint.

97. Denies the allegations set forth in paragraph "96" of the amended complaint.

98. Denies the allegations set forth in paragraph "97 " of the amended complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

99. The amended complaint fails to states a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

100. At all times relevant to the acts alleged in the amended complaint, defendant City of New York, its agents and officials, acted reasonably and properly in the lawful exercise of their discretion. Therefore, the City is entitled to governmental immunity from liability.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

101. Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of the defendants.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

102.  Plaintiffs' states law claims may be barred in part for failure to comply with conditions precedent to suit, pursuant to New York General Municipal Law §§ 50-e and 50-i.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

103.  Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the States of New York or any political subdivision thereof, nor has defendant violated any Act of Congress providing for the protection of civil rights.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

104.  The plaintiffs cannot obtain punitive damages as against the City of New York.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

105.  There was probable cause for plaintiff Francisco Camacho's arrest, detention and prosecution.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

106.  Plaintiff Francisco Camacho provoked any incident.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

107.  Defendant Keith Howell has not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and therefore is protected by qualified immunity.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE:**

108.  The Court has no subject matter jurisdiction over plaintiff Evelyn Camacho's claim.

### **AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:**

109. Plaintiffs' claims may be barred in part by the doctrines of *res judicata* or collateral estoppel.

### **AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE:**

110. Plaintiff's claims may be barred in part by the applicable period of limitations.

### **AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE:**

111. At all times relevant to the incident alleged, defendants Howell acted reasonably and in their proper and lawful exercise of his discretion, and therefore is entitled to qualified immunity.

**WHEREFORE,** defendant requests judgment dismissing the amended complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:    New York, New York
          January 23, 2008

        MICHAEL A. CARDOZO
        Corporation Counsel of the
         City of New York
        Attorney for Defendants City of New York, Bartek, Santos, Hennig, Thomas, Chavous, Howell and Morselli
        100 Church Street, Room 3-143
        New York, New York 10007
        (212) 788-0991

By:    /s
        Michael Chestnov
        Assistant Corporation Counsel
        Special Federal Litigation Division

TO: David A. Zelman, Esq.
Attorney for Plaintiff
612 Eastern Parkway
Brooklyn, NY 11225 (Via E.C.F. and First Class Mail)

Index No. 07 Civ. 5581 (SHS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRANCISCO CAMACHO and
EVELYN CAMACHO,

Plaintiffs,

-against-

CITY OF NEW YORK, *et al.*,

Defendants.

**ANSWER TO THE AMENDED COMPLAINT ON BEHALF OF DEFENDANT HOWELL**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
  *Attorney for Defendants City of New York,*
  *Bartek, Santos, Hennig, Morselli, Howell,*
  *Thomas and Chavous*
  *100 Church Street*
  *New York, New York  10007*

  *Of Counsel:  Michael Chestnov*
  *Tel:  (212) 788-0991*
  *NYCLIS No.*

*Due and timely service is hereby admitsted.*

*New York, N.Y............................................................................................, 200...*

*........................................................................................................ Esq.*

*Attorney for............................................................................................*